**Pasquale G. CUCCARO, Plaintiff,**

v.

**SECRETARY OF LABOR, Defendant.**

**Civ. A. No. 81–1649.**

United States District Court,
W.D. Pennsylvania.

April 11, 1983.

Pasquale G. Cuccaro, pro se.

Anthony M. Mariani, Asst. U.S. Atty., Pittsburgh, Pa., Richard T. Galgay, U.S. Dept. of Labor, Sofia P. Peters, Counsel for Administrative Legal Services, U.S. Dept. of Labor, Washington, D.C., for defendant.

OPINION

ROSENBERG, District Judge.

This matter is before me on the defendant's Motion for Reconsideration of this court's Memorandum Opinion and Order of April 23, 1982, denying the defendant's Motion for Partial Summary Judgment.

The plaintiff, Pasquale G. Cuccaro, is a former employee of the United States Steel Corporation and he claims to have been injured on the job through a hazardous condition alleged to be present thereon.

The plaintiff caused an investigation of the company by the Occupational Safety and Health Administration (OSHA) of the Department of Labor, the defendant, and thereafter the plaintiff, being dissatisfied with the results of the investigation, filed the present action seeking access to the complete file on this investigation, correction of said files, and a writ of mandamus compelling the defendant to correct the dangers alleged by the plaintiff.

With regard to this action, the plaintiff seeks access to records about himself held by OSHA and claims a right to these by virtue of the Privacy Act, 5 U.S.C. § 552a and the Freedom of Information Act, 5 U.S.C. § 552. This information is contained in a file retrieved by identification of a company and not to the plaintiff who has a complaint against the company.

This court in its opinion filed April 23, 1982 denied the defendant's motion for partial summary judgment on the grounds that the plaintiff was entitled to material pertaining to him, which he could locate, even though the plaintiff's name was not the identifier to retrieve the file.

The defendant in its motion asks the court to reconsider this decision. In particular, the defendant brings to the court's attention the case of *Smiertka v. United States Department of Treasury, et al.,* 604 F.2d 698, C.A.D.C., 1979, in which the court stated that Congress intended only that persons whose names were the identifiers for these files would be able to gain access to them through the Privacy Act; otherwise, it would require the establishment of an elaborate cross-reference system which would cause more privacy abuses.

The plaintiff in his reply affidavit does not dispute the defendant's citation, but rather alleges that the defendant's indexing system is incorrect, citing three codes under which the information could have been filed under his, the complainant's name.

The defendant in its brief points out that the information on the whole pertains to the company, the object of the investigation, while the plaintiff is only mentioned with respect to the investigation, and fur-

ther, that the three classifications wherein the complainant is keyed to the indexing system are not cases which involve complaints alleging unsafe working conditions as is the case here. Thus, the plaintiff cannot claim this material under the Privacy Act.

■ As to the applicability of the Freedom of Information Act exemptions, the defendant in its opposition points out that the identity of witnesses in an OSHA investigation can be reasonably inferred to be held confidential. *T.V. Tower v. Marshall,* 444 F.Supp. 1233 (D.C.D.C.1978). This means that the names and addresses withheld pursuant to exemption 7(c) and 7(d) of the Freedom of Information Act (5 U.S.C. § 552(b)(7)(C) and (D) ), will not be disclosed to the plaintiff in this action.

The remaining documents that were withheld were as follows:

(a) a staff opinion on whether the general duty clause is applicable to this case (withheld pursuant to exemption 5 (5 U.S.C. § 552(b)(5) );

(b) a staff opinion on the physical condition of complainant (withheld pursuant to exemption 5); and

(c) the compliance officer's evaluations of the employer's safety and health program and recommendation on the necessity of a subsequent inspection (withheld pursuant to exemption 5).

■ Upon *in camera* examination I find that these documents are exempt and should be withheld from the plaintiff because these documents are predecisional, deliberative and subjective "which reflect the personal opinions of the writer rather than the policy of the agency." *Coastal States Gas Corp. v. Dept. of Energy,* 617 F.2d 854, 866, C.A.D.C., 1980. Accord, *International Paper Co. v. Federal Power Commission,* 438 F.2d 1349, 1358, C.A.2, 1971; *Lead Industries Associates, Inc. v. OSHA, et al.,* 610 F.2d 70, C.A.2, 1979.

For the aforementioned reasons, the defendant's Motion for Reconsideration will be granted and the defendant's Motion for Partial Summary Judgment will be granted.