Pasquale G. CUCCARO a/k/a Charles P. Cuccaro, Appellant,

v.

SECRETARY OF LABOR of the United States of America.

No. 85–3015.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) July 9, 1985.

Decided Aug. 15, 1985.

Pasquale G. Cuccaro, appellant pro se.

Francis X. Lilly, Solicitor of Labor, Seth D. Zinman, Associate Solicitor of Labor, Sofia P. Peters and Richard T. Galgay, U.S. Dept. of Labor, Washington, D.C., for appellee.

Before SEITZ, HUNTER and MARIS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal, after final judgment, from an order of the district court granting summary judgment and thereby denying production of documents requested of the Occupational Safety and Health Administration ("OSHA") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1982), and The Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a (1982). We have appellate jurisdiction under 28 U.S.C. § 1291 (1982).

### I.

Pasquale G. Cuccaro (plaintiff), a former employee of the United States Steel Corporation, was injured on the job, allegedly due to a faulty piece of equipment. He filed two complaints with OSHA in May of 1978 and June of 1980, alleging unsafe working conditions and inadequate medical treatment procedures. In February, 1981, plaintiff invoking FOIA and the Privacy Act, requested certain materials in OSHA's files. OSHA provided plaintiff with the bulk of the requested filed pursuant to FOIA, but withheld portions of the disclosed documents under certain exemptions of that Act; OSHA denied plaintiff's request under the Privacy Act.

Plaintiff then filed this action in the district court seeking disclosure of those portions of OSHA's files which were withheld. After a *de novo* review which included an *in camera* inspection of the withheld documents, the district court found that the

documents in question were properly withheld from disclosure both under the Privacy Act and FOIA's exemptions and ultimately dismissed plaintiff's claims. *Cuccaro v. Secretary of Labor,* 562 F.Supp. 724 (W.D.Pa.1983). This appeal followed.

## II.

■ Our scope of review in FOIA cases, where access to documents has been denied, is two-fold: we determine whether the district court had an adequate factual basis for its decision and whether its conclusion was clearly erroneous. *Lame v. United States Dept. of Justice,* 767 F.2d 66, 70 (3d Cir.1985) (*Lame II*). Our scope of review of the district court's finding with respect to disclosure under the Privacy Act on summary judgment is the same as that utilized by the district court: we determine whether there exists any disputed issue of material fact, assume resolution of any disputed fact in favor of the non-movant, and determine whether the movant is entitled to judgment as a matter of law. *First Jersey National Bank v. Dome Petroleum Limited,* 723 F.2d 335, 338 (3d Cir.1983).

### A. *Exemption 5*

■ Pursuant to Exemption 5 of the FOIA[1], OSHA withheld portions of four documents requested by plaintiff: a staff opinion as to whether the general duty clause was applicable to this case; a staff opinion on complainant's physical condition; and evaluations by two compliance officers of the safety of the employer's workplace, and of its safety and health programs and their recommendations on the necessity of subsequent inspections. After inspecting the withheld materials *in camera,* the district court agreed with OSHA. It determined that the documents withheld are "predecisional, deliberative and subjective."

It is well-settled that Exemption 5 affords an agency an "executive privilege" with respect to intra-agency documents which reflect deliberative and decision-making processes and advisory opinions and recommendations of government. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 148, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1975); *Conoco Inc. v. United States Department of Justice,* 687 F.2d 724, 727 (3d Cir.1982).

Plaintiff asserts that, while the exemption protects documents which are predecisional and deliberative, it does not apply "to decisions reached and policies made," citing *NLRB v. Sears, Roebuck & Co., supra.* Plaintiff's position is not entirely clear. If plaintiff is asserting that, after OSHA rendered its decision, the documents lost their exempt status, appellant is simply mistaken: Congress did not intend such a result and case law has consistently held to the contrary.

In *NLRB v. Sears, Roebuck & Co.,* the Supreme Court discussed the contours of the executive privilege as delineated by both case law and Congressional reports:

> The cases uniformly rest the privilege on the policy of protecting the "decision making processes of government agencies," *Tennessean Newspapers, Inc. v. FHA,* 464 F.2d 657, 660 (CA6 1972); *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena,* 40 F.R.D. 318 (DC 1966); see also *EPA v. Mink, supra,* [410 U.S. 73] at 86–87 [93 S.Ct. 827, 835–36, 35 L.Ed.2d 119 (1973)]; *International Paper Co. v. FPC,* 438 F.2d 1349, 1358–59 (CA2 1971); *Kaiser Aluminum & Chemical Corp. v. United States, supra,* [141 Cl.Ct. 38] at 49, 157 F.Supp. [939], at 946 [1958]; and focus on documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, supra,* at 324. The point, plainly made in the Senate Report, is that the "frank discussion of legal or policy matters" in writing might be inhibited if the discussion were made public; and that the "de-

---

**1.** Exemption 5 provides for non-disclosure of "(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;" 5 U.S.C. § 552(b)(5) (1982).

cisions" and "policies formulated" would be the poorer as a result. S.Rep. No. 813, p. 9. See also H.R.Rep. No. 1497, p. 10; *EPA v. Mink, supra,* [410 U.S.] at 87 [93 S.Ct. at 836].

421 U.S. at 150–51, 95 S.Ct. at 1516 (footnote and citations omitted).

In discussing the purpose of the executive privilege, the Court emphasized the importance of the non-disclosure of predecisional, deliberative material:

> Manifestly, the ultimate purpose of this long-recognized privilege is to prevent injury to the quality of agency decisions. The quality of a particular agency decision will clearly be affected by the communications received by the decisionmaker on the subject of the decision prior to the time the decision is made. However, it is difficult to see how the quality of a decision will be affected by communications with respect to the decision occurring after the decision is finally reached; and therefore equally difficult to see how the quality of the decision will be affected by forced disclosure of such communications, *as long as prior communications and the ingredients of the decisionmaking process are not disclosed.* Accordingly, the lower courts have uniformly drawn a distinction between predecisional communications, which are privileged, ... and communications made after the decision and designed to explain it, which are not.

*Id.* at 151–52, 95 S.Ct. at 1516–17 (footnotes and citations omitted) (emphasis supplied).

After it discussed the contours and purpose of the executive privilege, the Court noted one set of circumstances which will cause a document to lose Exemption 5's protection:

> If an agency chooses expressly to adopt or incorporate by reference an intra-agency memorandum previously covered by Exemption 5 in what would oth-

erwise be a final opinion, that memorandum may be withheld only on the ground that it falls within the coverage of some exemption other than Exemption 5.

*Id.* at 161, 95 S.Ct. at 1521. *See Afshar v. Dept. of State,* 702 F.2d 1125, 1139 (D.C. Cir.1983). Thus, *NLRB v. Sears, Roebuck & Co.,* clearly holds that materials properly withheld from disclosure pursuant to Exemption 5 do not lose their exempt status *unless* the agency expressly incorporates the material in its final decision.

In support of his contention that the documents lost Exemption 5's protection, plaintiff quotes the following from "A Citizen's Guide On How To Use the Freedom of Information Act and the Privacy Act in Requesting Government Documents"[2]:

> However, the Supreme Court has drawn a distinction between agency communications prior to the rendering of a decision and communications concerning a decision once it has been made. Memorandums and letters which reflect predecisional attitudes regarding policy alternatives are not required to be disclosed. But communications that relate to decisions already made must be released. In the Court's view, once a policy is adopted, the public has a right to know the basis for that decision.

Plaintiff apparently thinks the quoted material reflects his position in this case. However, we think the quoted language supports the view that these documents, created prior to any final decision, retain their exempt status after an agency renders a decision. Plaintiff does not contend that the documents lost their exempt status because they fell within the exception delineated in *NLRB v. Sears, Roebuck & Co.* In any event, upon review of the record, it is clear that none of the documents were incorporated in a final OSHA decision; therefore, this limited exception is not applicable here.

---

**2.** Subcommittee on Government Information and Individual Rights of the Committee on Government Operations. A Citizen's Guide On How to Use the Freedom of Information Act and the Privacy Act in Requesting Government Documents, H.R.Rep. No. 793, 95th Cong., 1st Sess. 12 (1977).

We conclude that, as to these documents, which are protected by the executive privilege created by Exemption 5, the exemption was not lost after the relevant agency decision was made.

A second interpretation of plaintiff's Exemption 5 claim is possible. Plaintiff seems to be asserting that the district court erred in finding that the documents were exempt because they are not predecisional, deliberative and subjective. We find this contention to be without merit.

As we noted earlier, in reviewing the district court's *de novo* determination that documents are exempt under FOIA, this court must ascertain whether the district court had an adequate factual basis for its decision and whether its findings were clearly erroneous. *Lame II, supra.* We have carefully inspected the confidential documents in question as well as the entire district court record and find that the district court properly found the documents to be protected by Exemption 5: the district court clearly had an adequate factual basis on which to make its decision and its finding that the documents are deliberative and predecisional and thus exempt from disclosure, is not clearly erroneous.

For the foregoing reasons, we conclude that both of plaintiff's possible contentions with respect to Exemption 5's protection of these documents are without merit. It follows that the district court correctly denied plaintiff any relief as to the documents withheld pursuant to Exemption 5.

B. *Exemptions 7(C) and (D)*

Pursuant to Exemptions 7(C) and (D) of the FOIA,[3] OSHA withheld those portions of documents which contained the home addresses and names of employees and employee representatives and names of employees contacted during the investiga-

tions. The district court sustained OSHA's position.

Plaintiff claims that the materials withheld were documents containing information given by a representative agent acting on behalf of the employer. Plaintiff argues that, since the information was not provided by "employees" of the employer (as opposed to representative agents), the documents are not protected by these exemptions. The district court determined that the identity, names and addresses of witnesses of an OSHA investigation may be withheld pursuant to these exemptions.

■ In determining whether the privacy exemption of 7(C) is appropriately invoked, the court must engage in a *de novo* balancing test: weighing the public benefit which would result from the disclosure against the privacy interest and the extent to which it is invaded. *Ferri v. Bell,* 645 F.2d 1213, 1217 (3d Cir.1981), *opinion modified,* 671 F.2d 769 (3d Cir.1982). This exemption protects the disclosure of the identity of individuals where such disclosure would be likely to cause harassment or embarrassment because of the person's cooperation in the investigation or the nature of the information disclosed by that individual. *Lame v. United States Department of Justice,* 654 F.2d 917, 923 (3d Cir.1981) [*Lame I*]. In the context of an OSHA investigation into possible safety and health violations of an employer, the privacy interest of employees and witnesses who participated in OSHA's investigation outweighs the public's interest in disclosure. *See Miles v. United States Department of Labor,* 546 F.Supp. 437, 440–41 (M.D.Pa.1982).

■ Here, OSHA withheld the names of persons who cooperated in the investigation of plaintiff's complaints. Clearly, the

---

**3.** Exemption 7(C) and (D) provides for non-disclosure of

"(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a

record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source...."

5 U.S.C. § 552(b)(7)(C) and (D) (1982).

privacy interest of those individuals is great, and plaintiff points to nothing to tilt the scales in his favor. We conclude that the district court correctly found that OSHA properly withheld the names and addresses pursuant to Exemption 7(C). *Lame I,* 654 F.2d at 922–23.

■ Exemption 7(D) provides that confidential sources may be withheld and the court is not required to engage in the balancing test of Exemption 7(C). *Lame I,* 654 F.2d at 923. A person is a confidential source if he or she provided information under an express or reasonably implied assurance of confidentiality. *Id.* In this case, OSHA expressly assured confidentiality to its witnesses. Affidavit of Harlan B. Jervis ¶ 3. Moreover, where an investigative agency relies upon information supplied by individuals who might suffer severe detriment were their identities disclosed, assurances of confidentiality may be reasonably inferred. *Diamond v. F.B.I.,* 707 F.2d 75, 78 (2d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984). In light of the foregoing, we agree with the district court's conclusion that these materials were properly withheld pursuant to Exemption 7(D).

## C. *The Privacy Act*

Plaintiff also sought access under the Privacy Act to the withheld portions of investigative files compiled as a result of plaintiff's complaints and the ensuing investigations at United States Steel Corporation's American Bridge Division. 5 U.S.C. § 552a(d) (1982). OSHA refused to provide access to the requested materials on the ground that the documents were not contained within a "system of records" retrievable by the name of the individual requesting the information. 5 U.S.C. § 552a(d)(1) (1982).

Plaintiff contends that defendant's interpretation of the Privacy Act is incorrect and maintains that, in order for requestor to secure records pertaining to him or her, the agency's records need not be retrievable by the requestor's name. The district court ruled that since the records were not within a system of records retrievable by plaintiff's name, OSHA properly refused to disclose them. *Cuccaro,* 562 F.Supp. at 725.

■ We agree with the holding of the Eleventh Circuit in *Boyd v. Secretary of Navy,* 709 F.2d 684, 686 (11th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984), that individuals have a right to access under the Privacy Act only to information in a record which is maintained in a system of records cued to the requestor's own name or identifier. This result seems mandated by the limiting language of the Act. Thus, section 552a(d)(1) provides in part:

> Each agency that maintains a system of records shall—
>
> (1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record
>
> .    .    .    .    .

5 U.S.C. § 552a(d)(1) (1982). "System of records" is defined in section 552a(a)(5) as:

> ... a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual;

5 U.S.C. § 552a(a)(5) (1982). Furthermore, the Privacy Act Guidelines, promulgated by the Office of Management and Budget, provide that individuals only have a right of access to information keyed to the requestor's own name or identifying number or symbol. *See* Privacy Act Implementation: Guidelines and Responsibilities, 40 Fed. Reg. 28,948, 28,957 (July 9, 1975). This seems a permissible implementation of the statutory language.

■ The records requested in this case were not retrievable by the requestor's name. Accordingly, we agree with the district court's conclusion that OSHA properly

denied plaintiff access to the documents requested under the Privacy Act.[4]

### III.

The judgment of the district court will be affirmed.

---

**4.** Other contentions asserted by plaintiff are not    proper issues for consideration in this action.