**Douglas G. HOUSLEY, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF the TREASURY, et al., Defendants.**

Civ. A. No. 88–561.

United States District Court, District of Columbia.

July 12, 1988.

Douglas G. Housley, pro se.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., with Jay B. Stephens, U.S. Atty., Washington, D.C., John D. Bates, Asst. U.S. Atty., Washington, D.C., and Donna Bourdeau, Office of Legal Counsel, United States Secret Service, Department of the Treasury, Washington, D.C., for defendants.

CHARLES R. RICHEY, District Judge.

Plaintiff, an inmate incarcerated in the state penitentiary in Monroe, Washington, filed this Freedom of Information Act ("FOIA") case on March 1, 1988. By letter dated November 10, 1987, plaintiff requested from the Secret Service information relating to himself and the events surrounding the arrest of Ralph Y. Nizet (or Ninet). A total of 55 documents were located. The agency released a one-page document, with excisions, to plaintiff. All other material was withheld pursuant to FOIA Exemptions 5, 7(C), 7(D), and 7(F).

Defendants filed a motion to dismiss on May 18, 1988. As grounds therefor, the agency claims that this Court lacks subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted. This Court clearly has subject matter jurisdiction over this action. In addition, because the defendants have attached the affidavit of Stephen E. Garmon, Deputy Director of the United States Secret Service, to their Fed.R.Civ.P. 12(b)(6) motion, the Court will treat the motion to dismiss as one for summary judgment. After careful consideration of the papers in support of and in opposition to the motion, the Court determines that the agency has properly invoked the claimed exemptions. Therefore, the Court will grant the defendants' motion and dismiss this case with prejudice.

The agency claimed Exemption 5 to withhold the opinions and impressions of evidence and the course of the criminal investigation of plaintiff and Mr. Nizet. *See* Garmon Affidavit at p. 6. Exemption 5 encompasses "inter-agency or intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption is to be broadly construed. *See United States v. Weber Aircraft Corp.*, 465 U.S. 792, 800, 104 S.Ct. 1488, 1493, 79 L.Ed.2d 814 (1984). It has been invoked in this case to protect the deliberative processes of the Secret Service in the course of a criminal investigation. This privilege is well-recognized in the context of Exemption 5. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975); *Russell v.*

*Department of the Air Force,* 682 F.2d 1045, 1048 (D.C.Cir.1982).

Plaintiff claims that the information it seeks, and for which Exemption 5 coverage is sought, was referred by the Secret Service to other, presumably law enforcement, agencies for the purpose of developing "investigative leads which were later used to derive testimony at the plaintiffs (*sic*) criminal trial." Plaintiff's Answer to Motion to Dismiss at 3. Plaintiff contends that the alleged link between the predecisional material developed by Secret Service agents for the purpose of developing an investigation and the actual testimony used to convict plaintiff requires disclosure of the material. Plaintiff further claims that there is a connection between this material and an alleged illegal use of electronic surveillance against him. *Id.* at 6. Therefore, according to plaintiff, because he can bring a civil suit against the agency for the alleged illegal surveillance, this material would necessarily be available to him in civil discovery. *Id.*

Plaintiff's argument must fail. The material which plaintiff seeks apparently contains the impressions, opinions, and suggestions of Secret Service agents regarding an investigation of the plaintiff. This predecisional information was shared with *other* agencies who, according to plaintiff, may have used this information to develop investigative leads by means of, among other things, electronic surveillance. This kind of material represents a good example of the type of information that the deliberative process privilege, and Exemption 5, was meant to cover. Accordingly, the Court finds that the Secret Service has properly invoked Exemption 5 to withhold the impressions and opinions of Secret Service agents concerning a criminal investigation of plaintiff and Mr. Nizet.

The agency has also invoked Exemptions 7(C), 7(D), and 7(F). As a threshold matter, the subsections of Exemption 7 only apply to "records or information compiled for law enforcement purposes." *See FBI v. Abramson,* 456 U.S. 615, 622, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982); *King v. U.S. Department of Justice,* 830 F.2d 210,

229 (D.C.Cir.1987) (citations omitted). The information that plaintiff seeks relates to "a criminal investigation into certain counterfeiting activity which investigative authority is conferred on the Secret Service by title 18, United States Code, section 3056." Garmon Affidavit at ¶ 14. Therefore, it is clear that this information was collected for law enforcement purposes.

The Secret Service has claimed Exemption 7(C) to withhold the names and personal data of third parties interviewed by the Secret Service in connection with the investigation, those individuals who were under investigation in this matter, and federal and local law enforcement personnel. This exemption applies to law enforcement information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

There is a public interest in *non* disclosure of this type of information to the extent that disclosure would impair the ability of the agency to gather information and conduct investigations. *See, e.g., Miller v. Bell,* 661 F.2d 623, 631 (7th Cir.1981), *cert. denied sub nom. Miller v. Webster,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982). The Secret Service is justifiably concerned that release of information about third parties who assisted in the investigation "could chill future cooperation ... and limit the [agency's] ability to perform its investigative function." Garmon Affidavit at p. 7. Thus, notwithstanding any privacy interests that these third parties may have, there is an identifiable public interest in withholding this information.

Similarly, information concerning other individuals under investigation may be withheld because the mention of an individual's name in the context of a law enforcement investigation may carry a stigmatizing connotation. *See, e.g., Fund for Constitutional Government v. National Archives and Records Service,* 656 F.2d 856, 862 (D.C.Cir.1981); *Lesar v. U.S. Department of Justice,* 636 F.2d 472, 488 (D.C.Cir. 1980); Garmon Affidavit at p. 8. The Court discerns no public interest in releas-

**40**

ing this information, and neither has plaintiff offered any justification.

Finally, this exemption is routinely invoked to withhold the identities of law enforcement personnel. *See Lesar, supra,* 636 F.2d at 487; *see also Stern v. FBI,* 737 F.2d 84, 94 (D.C.Cir.1984). The agency sees two sources of damage if the names of law enforcement personnel connected with this investigation are released. First, agents might be harassed or subjected to counter surveillance. Garmon Affidavit at p. 8. Second, disclosure may well jeopardize the effectiveness of the agents in the course of their current investigations. *Id.* In addition, the agents' privacy interests, in this case, clearly outweigh any possible public interest in disclosure.

The agency has invoked Exemption 7(D) to withhold information gathered from private citizens, provided by private corporations, or supplied by state and local law enforcement agencies and to protect the identities of confidential informants. *See* Garmon Affidavit at pp. 10–11. Exemption 7(D) applies, in part, to information that "could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation." 5 U.S.C. § 552(b)(7)(D).

The Secret Service considers the information it received from private citizens and private corporations to be confidential. Garmon Affidavit at p. 10. This kind of information may be withheld pursuant to Exemption 7(D). *See Shaw v. FBI,* 749 F.2d 58, 62 (D.C.Cir.1984). To the extent that release of this information would reveal the identities of confidential sources, then this exemption has been properly invoked. *See supra; Birch v. United States Postal Service,* 803 F.2d 1206, 1212 (D.C. Cir.1986). Finally, the information supplied by state and local law enforcement agencies was provided with the understanding that it would remain confidential. Garmon Affidavit at p. 11. Therefore, Ex-

emption 7(D) coverage is appropriate. *See Lesar, supra,* 636 F.2d at 491.

Finally, the Secret Service has claimed Exemption 7(F) on the ground that disclosure of this information to plaintiff constitutes disclosure to the general public and that the agents involved in the investigation, as well as others who supplied information, may be subjected to retaliation. The Court finds that the agency's affidavit in support of this exemption is insufficient. However, since the agency claims that "[a]ll material in Secret Service files which was denied to the plaintiff ... for the reason that such information is exempt from disclosure under the provisions of" Exemptions 5, 7 (C), 7(D), and 7(F), the failure of its Exemption 7(F) claim has no impact on the Court's decision to grant the agency's motion to dismiss this action.

Plaintiff has also moved for the production of a *Vaughn* index and for *in camera* inspection of the withheld documents. In light of the Court's decision on the merits, these motions are moot and must be denied.

An Order in accordance with this Opinion shall be issued on even date herewith.