Michael BUHOVECKY, Plaintiff,

v.

DEPARTMENT OF JUSTICE, et
al., Defendants.

Civ. A. No. 85–3169.

United States District Court,
District of Columbia.

Oct. 5, 1988.

Michael Buhovecky, pro se.

Jay B. Stephens, U.S. Atty., John D. Bates, Asst. U.S. Atty., Marina Utgoff Braswell, Attorney–Advisor, Office of Information and Privacy, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

SPORKIN, District Judge.

This is a *pro se* Freedom of Information Act ("FOIA") action. *See* 5 U.S.C. Sec. 552(a) (1982 & Supp. IV 1986). Plaintiff has requested from the Federal Bureau of Investigation ("FBI") all documents arising out of a criminal investigation of a bank robbery. The investigation was conducted by the FBI's Pittsburgh, Pennsylvania, Field Office. As a result of that investigation, plaintiff was tried and convicted and is now incarcerated in the Federal Correctional Institution in Petersburg, Virginia.

The investigative file which plaintiff has requested contains information obtained by the FBI through interviews with law enforcement officials, individuals identified in the FBI Vaughn index as confidential sources, and third parties for whom the FBI claims "implied confidentiality." Also contained in the file are criminal identification records ("rap sheets"), grand jury material and information containing investigative techniques.

The FBI released 154 pages of documents in response to plaintiff's request; a remaining 409 pages were withheld.[1] The FBI asserts a variety of FOIA exemptions as the basis of its non-disclosure. Plaintiff brought this action to compel the release of these remaining documents.

■ The Court has before it defendants' motion for summary judgment. For defendants to prevail, the Court must find that defendants have demonstrated that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Plaintiff has failed to respond to defendants' motion and has filed neither an opposition to defendants' motion nor a cross motion for summary judgment. The Court nonetheless must determine whether defendants have sustained their burden. *See Brandon v. District of Columbia Board of Parole*, 734 F.2d 56 (D.C.Cir. 1984) (directing the court to apply liberal treatment to *pro se* claimants).

Plaintiff's complaint and defendants' answer and defendants' motion for summary judgment indicate that there are no material facts in dispute. Therefore, the sole issue before the court is whether, as a matter of law, defendants' are entitled to rely on the various FOIA exemptions.

## I. BACKGROUND: THE FREEDOM OF INFORMATION ACT

The Freedom of Information Act was passed to "promote honesty of government by seeing to it that public business functions under the hard light of public scrutiny." *Tennessean Newspapers, Inc. v. Federal Housing Administration*, 464 F.2d 657, 660 (6th Cir.1972). The Act requires government agencies to disclose requested information to the public unless the information sought falls within one or more of nine FOIA exemptions. *See* 5 U.S.C. Sec. 552(b)(1)–(9).

---

1. The information withheld includes: the names of individuals subpoenaed to appear before the grand jury; criminal identification records ("rap sheets"); names and initials of FBI employees; the identities of various non-federal law enforcement officials; the identities of various third parties who provided the FBI with information who are also mentioned either in FBI investigative files or are subjects of an FBI investigative file or are suspects of an FBI investigation.

## II. FOIA EXEMPTION 3: STATUTES PROHIBITING DISCLOSURE

■ The first exemption invoked by defendants is FOIA Exemption 3. 5 U.S.C. Sec. 552(b)(3). This exemption allows governmental agencies to withhold records that are:

specifically exempted from disclosure by statute (other than Section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. Sec. 552(b)(3). As indicated in the quoted section, any statute which permits non-disclosure must clearly and explicitly provide for the withholding of information.

Defendants argue, based on FOIA Exemption 3, that two statutes permit the withholding of certain materials requested by plaintiff. First, defendants cite Federal Rule of Criminal Procedure 6(e) as a basis for withholding the names of individuals subpoenaed to appear before a federal grand jury. Second, defendants argue that 28 U.S.C. Sec. 534 (1982) exempts from disclosure certain rap sheets plaintiff has requested.

### A. FOIA Exemption 3 and Fed.R. Crim.P. 6(e)

■ The question of whether Rule 6(e)[2] qualifies as a non-disclosure statute under Exemption 3 was fully explored in *Fund For Constitutional Government v. National Archives,* 656 F.2d 856, 866–70 (D.C. Cir.1981). In that case, plaintiff brought a FOIA action seeking the release of grand jury material held by the Watergate Special Prosecution Force. Defendant contended that Rule 6(e) qualified as an Exemption 3 statute and permitted the withholding of various grand jury information. The Court of Appeals, reviewing the legis-lative history and scope of Rule 6(e), held that Rule 6(e) satisfied the criteria of Exemption 3 and, therefore, could be relied upon as a non-disclosure statute. Further, the Court of Appeals noted that:

Disclosure of this information would reveal matters recurring before the grand jury and is, therefore, properly exempt from disclosure pursuant to FOIA Exemption 3 and Fed.R.Crim.P. 6(e). Witnesses's names are clearly covered, as are documents subpoenaed as exhibits. Potential witnesses and potential documentary exhibits, while less clearly within the rule, if disclosed would reveal the direction and strategy of the investigation.

*Id.* at 868–70.

Much of the information that defendants seek to withhold is identical to the type of information withheld in *Fund For Constitutional Government. Compare* 656 F.2d at 869 (upholding the withholding of information: "naming or identifying grand jury witnesses; quoting or summarizing grand jury testimony; discussing the scope, focus and direction of the grand jury; and identifying documents considered by the grand jury and conclusions reached as a result of the grand jury investigation") *with supra* note 1. Therefore, I find that defendants may withhold the grand jury materials on the basis of FOIA Exemption 3 and Federal Rule of Criminal Procedure 6(e).

### B. FOIA Exemption 3 and 28 U.S.C. Section 534

■ Defendants also assert that 28 U.S.C. Sec. 534 applies as an Exemption 3 statute and permits withholding certain rap sheets that plaintiff has requested. The relevant parts of Section 534 state:

(a) The Attorney General shall:

(1) acquire, collect, classify, and preserve identification, criminal identification, crime and other records; ...

---

**2.** Federal Rule of Criminal Procedure 6(e)(2) states:

A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attor-ney for the government, or any person to whom disclosure is made [for necessary purposes] shall not disclose matters occurring before the grand jury.

(4) exchange such records and information with, and for the official use of, authorized officials of the Federal Government, the States, cities, and penal and other institutions.

(b) The exchange of records and information authorized by subsection (a)(4) of this section is subject to cancellation if dissemination is made outside the receiving departments or related agencies.

28 U.S.C. Sec. 534. Defendants claim that this statute is a non-disclosure statute under Exemption 3 because it is "subject to cancellation" as a result of unauthorized release of information. It is the cancellation penalty that defendants argue satisfies the criterion of Exemption 3. Based upon this reading of Section 534, the defendants contend that the FBI may withhold rap sheets that plaintiff has requested.

Whether Section 534 qualifies as an Exemption 3 statute was recently addressed in *Reporters Committee v. Department of Justice,* 816 F.2d 730 (D.C.Cir.1987). In that case, plaintiffs sought production of rap sheets pursuant to the Freedom of Information Act. The Defendant relied on Section 534 and Exemption 3 to justify withholding requested documents. Although the District Court ruled that Section 534 qualified as a non-disclosure statute, the Court of Appeals disagreed. Looking to the legislative history of Section 534, the Court noted:

In 1957, the FBI Director Hoover expressed concern that as the law stood the FBI might lack authority to withhold records from local officials who used them 'improperly' and Congress granted him the authority by adding the language now found in subsection (b). But Hoover, who appeared to specialize in FBI files, surely would have been astonished to hear it contended that subsection (b) was directed at restricting the FBI's direct authority or power to disclose information to the public.

*Id.* at 736.

Further, the Court stressed that the explicit language of the statute argues against the government's interpretation. In particular, *Reporters Committee* states

that "Subsection (b) does not speak to the Attorney General's authority to disclose or refuse to disclose to the public; only by implication does it even address the recipient agency's authority to disclose to the public." *Id.* at 735.

Clearly, in the present case the FBI (an entity directly subordinate to the Attorney General) cannot escape the conclusion reached in *Reporters Committee.* Therefore, 28 U.S.C. Section 534 cannot be utilized by the FBI as a non-disclosure statute under FOIA Exemption 3. Any documents or information withheld solely in reliance upon Section 534 must be released.

## III. FOIA EXEMPTION 6: INVASION OF PRIVACY

The defendants also rely on FOIA Exemption 6, 5 U.S.C. Sec. 552(b)(6), to withhold the rap sheets of certain third parties. Exemption 6 permits the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Sec. 552(b)(6). Clearly, rap sheets are not "personnel" or "medical" files. The issue under this exemption, therefore, is whether rap sheets can be considered "similar files" within the meaning of the Exemption.

The Supreme Court addressed this issue in *Department of State v. Washington Post,* 456 U.S. 595, 102 S.Ct. 1957, 72 L.Ed. 2d 358 (1982). In that case, the plaintiff-respondent, a newspaper, requested documents indicating whether certain Iranian nationals held valid U.S. passports or were American citizen. Defendant-respondent, the U.S. Department of State, relied on FOIA Exemption 6 to withhold the requested information.

The Supreme Court upheld the Department of State's reliance on Exemption 6 and found that "information about an individual should not lose the protection of Exemption 6 merely because it is stored by an agency in records other than 'personnel' or 'medical' files." *Id.* at 602, 102 S.Ct. at 1962. In reaching its conclusion, the Court focused on the intent of Congress, stating, "we do not think that Congress meant to limit Exemption 6 to a narrow class of files

containing only a discrete kind of personal information." *Id.* (citing H.R.Rep. No. 1497. 89th Cong., 2nd Sess., 11 (1966), U.S.Code Cong. & Admin.News 1966, 2418).

 Based on this interpretation of the "similar files" provision in Exemption 6, there can be no doubt that rap sheets of third parties are the type of personal information that Exemption 6 is intended to protect. The information contained in rap sheets is personal, potentially embarrassing and possibly harmful to the subject of the rap sheet. Therefore, I find that the release of the rap sheets of third parties constitutes a clearly unwarranted invasion of privacy, and I conclude that Exemption 6 permits withholding.

## IV. FOIA EXEMPTION 7: RECORDS OR INFORMATION COMPILED FOR LAW ENFORCEMENT PURPOSES

██ FOIA Exemption 7 prohibits disclosure of certain information found in "records of information compiled for law enforcement purposes...." 5 U.S.C. Sec. 552(b)(7).[3] The exemption only applies where the *information withheld was compiled for law enforcement purposes* and where disclosure would result in one of the six "specified harms" provided for in the exemption. *FBI v. Abramson,* 456 U.S. 615, 622–23, 102 S.Ct. 2054, 2059–60, 72 L.Ed.2d 376 (1982); *Keys v. United States Department of Justice,* 830 F.2d 337, 340 (D.C.Cir.1987). This Exemption is invoked by defendants to withhold the names and initials of FBI employees (including special agents), the identities of non-federal law enforcement officials, and the identities of and identifying information about various third parties of investigatory interest to the FBI.

When Exemption 7 is invoked a threshold inquiry must determine whether the information sought to be withheld was compiled for law enforcement purposes. *See Pratt v. Webster,* 673 F.2d 408, 413–21 (D.C.Cir. 1982). In *Pratt v. Webster,* the Court of Appeals articulated the standards for demonstrating that information withheld was compiled for law enforcement purposes. *Pratt* states that in order to withhold a requested document a law enforcement agency need only demonstrate that (1) its investigative activities are related to the enforcement of federal laws, and (2) there is a rational connection between the investigation and the agency's law enforcement duties. *Id.* at 419–21.

In the present case, there can be no doubt that the investigation files at issue satisfy the *Pratt* threshold test. First, the investigation of this bank robbery is clearly related to the enforcement of federal laws. Second, there is an undeniable connection between the bank robbery investigation (which led to plaintiff's conviction) and the FBI's law enforcement duties.

### A. Unwarranted invasion of personal privacy

██ Next, I must determine whether the release of these documents would result in one of the "specified harms" provided for in FOIA Exemption 7. The first "specified harm" invoked by the defendants is Exemption 7(C) which permits an agency to withhold investigatory records, the release of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. Sec. 552(b)(7)(C); *see Keys,* 830 F.2d at 346.

The type of information defendants seek to protect is information which would lead to discovery of the identity of participants in a criminal investigation. The interest in non-disclosure is obvious here; there is a need to protect from harassment those who participate, in either an official capacity or as investigative sources, in FBI investigations. *See Cuccaro v. Secretary of Labor,* 770 F.2d 355, 359 (3d Cir.1985). This interest in the personal privacy of participants must be balanced against the public interest in the release of identifying information. *See Stern v. Federal Bureau of In-*

---

**3.** Section 1804 of Public Law 99–570 provides that "the amendments made by section 1802 [amending 5 U.S.C. Sec. (b)(7) ] shall be effective on the date of enactment of this Act [Oct. 27, 1986], and shall apply with respect to any request for records, whether or not the request was made prior to such date, and shall apply to any civil action pending on such date."

*vestigation,* 737 F.2d 84, 91 (D.C.Cir.1984). In the present case, there has been absolutely no showing of any potential public interest in release of the requested information. Therefore, defendants' claim that the release of the requested information "could reasonably be expected to constitute an unwarranted invasion of personal privacy" is accepted. *See* 5 U.S.C. 552(b)(7)(C).

### B. Disclosure of confidential sources

■ A large amount of information has also been withheld based on claims of express and implied confidentiality. Under FOIA Exemption 7(D) the identity of confidential sources is not subject to disclosure. 5 U.S.C. Sec. 552(b)(7)(D). This Exemption provides for the withholding of information and records that "could reasonably be expected to disclose the identity of a confidential source." *Id.* Based on the language of the statute, there is clear authority to withhold the names of those sources to whom confidentiality was expressly granted.

■ Further, defendants argue that certain investigation sources exist who were not explicitly assured of confidentiality but who are nonetheless entitled to the protection of Exemption 7(D). Prior case law clearly supports this position. In *Keys v. U.S. Department of Justice,* 830 F.2d 337 (D.C.Cir.1987), the Court of Appeals recognized that when information is provided to the FBI "implicit confidentiality" can be presumed to exist between the Bureau and the informant. *Id.* at 345.

I find that this doctrine of "implicit confidentiality" applies to the present case. Interviewees who provided information to the FBI concerning the details of a bank robbery would have good reason to find an implied assurance of confidentiality. Moreover, this is a case where it would be reasonable to find an assurance of confidentiality because failure to do so could conceivably impair the FBI's ability to elicit information from potential sources. *See id.* at 345–46; *Miller v. Bell,* 661 F.2d 623 (7th Cir.1981). Therefore, the FBI was justified in relying on Exemption 7(D) to withhold information and records which could

reasonably have been expected to disclose the identity of confidential sources.

### III. CONCLUSION

It is the finding of this Court that defendants have demonstrated that there is no genuine issue as to any material fact and, with respect to all but one of the asserted exemptions, that the defendants are entitled to a judgment as a matter of law. Accordingly, summary judgment is granted to the defendants with respect to all exemptions claimed except those claimed pursuant to 28 U.S.C. Sec. 534, which cannot qualify as an Exemption 3 statute. Any information withheld solely based upon 28 U.S.C. Sec. 534 must therefore be released to plaintiff.

An appropriate Order accompanies this Memorandum.

### ORDER

On this day the Court issued its opinion in *Buhovecky v. Department of Justice.* Pursuant to that opinion, it is hereby

ORDERED that defendants' motion for summary judgment is granted in part and denied in part. The motion is granted, with the below noted exception, for all materials that fall within the FOIA Exemptions claimed by defendants. Defendants' motion for summary judgment is denied for any and all materials withheld solely under FOIA Exemption 3 in conjunction with 28 U.S.C. Section 534.

It is FURTHER ORDERED that defendants shall within 30 days of this Order supply to plaintiff the requested material, if any, that has been withheld solely pursuant to FOIA Exemption 3 in conjunction with 28 U.S.C. Section 534. In the event that no materials have been withheld solely pursuant to FOIA Exemption 3 in conjunction with 28 U.S.C. Section 534, defendants shall so notify plaintiff within 30 days of this Order.

It is FURTHER ORDERED that this court shall retain jurisdiction of this matter until such time as plaintiff is supplied with the required materials or until such time as plaintiff is notified that no materials are

required to be supplied pursuant to this Order.

It is FURTHER ORDERED that defendants shall within 30 days of this Order notify the Court of actions taken in compliance with this Order.

SO ORDERED.