**COOPER CAMERON CORPORATION,**
Plaintiff,

v.

**UNITED STATES DEPARTMENT OF LABOR, and Occupational Safety And Health Administration Defendants.**

No. CIV.A. H–99–4460.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 2, 2000.

Graig J. Alvarez, Fulbright & Jaworski, Houston, TX, for Cooper Cameron Corporation, plaintiff.

Jill O. Venezia, Office of U.S. Attorney, Houston, TX, for United States Department of Labor, Occupational Safety and Health Administration, defendants.

## MEMORANDUM OPINION AND ORDER

HARMON, District Judge.

Pending before the Court is Plaintiff Cooper Cameron Corporation's Motion for Summary Judgment (Inst. No. 6) and Defendants United States Department of Labor and Occupational Safety and Health Administration's Cross–Motion for Summary Judgment (Inst. No. 13). After considering the record, the arguments of the parties, and the applicable law, the Court

concludes that Plaintiff's summary judgment motion should be **DENIED**, and that Defendants' cross summary judgment motion should be **GRANTED**.

## I. FACTUAL BACKGROUND

The essential facts of this case are not in dispute. On February 1, 1999, Plaintiff Cooper Cameron Corporation ("Cooper Cameron") requested the South Area Office of Defendant Occupational Safety and Health Administration ("OSHA") to release information pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The requested information was related to OSHA's inspection of the Lyondell Petrochemical Company facility in Channelview, Texas ("Lyondell") following an alleged explosion, fire, and release of hazardous liquids that occurred at Lyondell on June 2, 1996.

On February 8, 1999, the Area Director of the Houston South Area Office of OSHA, Raymond L. Skinner ("Skinner"), responded to Cooper Cameron's FOIA request. Skinner indicated that "some information ha[d] been deleted from this report." In total, OSHA disclosed 4 of the approximately 149 pages of requested information; OSHA claimed that the remaining 145 pages were subject to the FOIA exemptions provided in 5 U.S.C. § 552(b).

On March 9, 1999, Cooper Cameron appealed OSHA's nondisclosure to the Office of the Solicitor, Department of Labor. Although Cooper Cameron had initially requested access to OSHA's entire investigative file regarding the Lyondell explosion, the record indicates that Cooper Cameron is primarily interested in the disclosure of three particular witnesses' statements. Those witnesses, identified as Bobby G. Squier, Jack E. Bass, and Dennis W. Hutter, presumably had material information about the Lyondell explosion. Peter D. Galvin, Director of the FOIA Appeals Unit, declined Cooper Cameron's request for the statements of these three witnesses.

On November 22, 1999, after Cooper Cameron submitted three supplemental appeals letters to the Department of Labor, the Deputy Associate Solicitor for Legislation and Legal Counsel to Craig J. Alvarez, Bruce A. Cohen, finally affirmed OSHA's withholding of Cooper Cameron's requested interviews. The Department of Labor based its decision on 5 U.S.C. §§ 552(b)(7)(C)-(D).

## II. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material facts exists and that, as a matter of law, the movant is entitled to judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.* In a motion for summary judgment, the burden is on the movant. *Latimer v. Smithkline & French Laboratories*, 919 F.2d 301, 303 (5th Cir.1990). If the non-movant bears the burden of proof at trial, however, the movant for summary judgment need not support the motion with evidence negating the opponent's case. Instead, the movant may satisfy its burden by showing that there is an absence of evidence to support the non-movant's case. *Id.; Little*, 37 F.3d at 1075.

Once the movant makes this showing, the burden shifts to the non-movant to show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' ... by 'conclusory allegations,' ... by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538, (1986); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 871–73, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Hopper v. Frank,* 16 F.3d 92, 97 (5th Cir.1994); *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir.1994)). Rather the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S.Ct: 1348 (quoting FED. R. CIV. P. 56(e)). In determining whether a genuine issue for trial exists, the court must view all of the evidence in the light most favorable to the non-movant. *Richter v. Merchants Fast Motor Lines, Inc.,* 83 F.3d 96, 98 (5th Cir.1996) (per curiam); *Gremillion v. Gulf Coast Catering Co.,* 904 F.2d 290, 292 (5th Cir.1990).

█ In the context of a FOIA appeal, the FOIA statute "expressly places the burden on the agency to sustain its action and directs the district courts to determine the matter de novo." *United States Dept. of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). The agency must also bear the burden of establishing the exempt status of the record. *Id.* In addition, the "specific motives of the party making the FOIA request are irrelevant." *Halloran v. Veterans Admin.,* 874 F.2d 315, 323 (5th Cir.1989).

## III. DISCUSSION

In its Motion for Summary Judgment, Cooper Cameron argues that the FOIA mandates OSHA's disclosure of the information that Cooper Cameron seeks. Cooper Cameron also contends that, if some of the requested information is indeed exempted, OSHA must nonetheless segregate the exempted material from the non-exempted material, turning the latter over to Cooper Cameron. The crux of Cooper Cameron's summary judgment motion, however, is Cooper Cameron's insistence that no FOIA exemptions properly apply to the requested information.

The Department of Labor and OSHA respond with their own summary judgment motion, in which they argue that the witness statements that Cooper Cameron seeks are all protected by Exemptions 7(C) and 7(D) of the FOIA. OSHA further argues that, because of the paucity of statements involved, it cannot release segregable portions of the statements without risking release of other exempted information.

The Freedom of Information Act, 5 U.S.C. § 552, "was enacted to facilitate public access to Government documents," and "was designed to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Avondale Indus., Inc. v. NLRB,* 90 F.3d 955, 958 (5th Cir.1996). Unless exempted by statutory language, the policy of full disclosure is warranted. *Id.*

Subsection (b) provides statutory exemptions to the FOIA. Specifically, subsections (b)(7)(C) and (b)(7)(D) state that the FOIA's mandate of disclosure

does not apply to matters that are—

.          .          .          .          .

(7) records or information complied for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, [or] (D) could reasonably be expected to disclose the identity of a confidential source, including a State, Local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(C)-(D).

Thus, although the FOIA recognizes a philosophy of full agency disclosure, "pub-

lic disclosure is not always in the public interest ...." *Halloran v. Veterans Admin.*, 874 F.2d 315, 318 (5th Cir.1989) (quoting *Baldrige v. Shapiro*, 455 U.S. 345, 352, 102 S.Ct. 1103, 71 L.Ed.2d 199 (1982)). One of the most important counterbalancing concerns of the public's general interest in disclosure is the desire to protect individuals' privacy interests, as encompassed in Exemption 7(C). *See Halloran*, 874 F.2d at 318.

Courts have balanced the interests of an individual's privacy and the public's interest in disclosure. *See U.S. Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 762, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). On the one hand, a court must identify and evaluate an individual's privacy concerns associated with the disclosure request, and on the other hand, a court must identify and evaluate the interests served to the public by disclosure. *See id.* at 762–77, 109 S.Ct. 1468. After examining each interest, the court will perform the weighing of the interests for and against disclosure. *See Halloran*, 874 F.2d at 319.

With regard to Exemption 7(C) specifically, the Supreme Court has recognized that 7(C)'s "could reasonably be expected to constitute" language evinces Congress's intent to "ease considerably law enforcement agencies' burden in invoking [Exemption 7]." *Reporters Comm.*, 489 U.S. at 756 n. 9, 109 S.Ct. 1468 (observing that Congress had changed Exemption 7 from "would constitute" to "could reasonably be expected to constitute," and concluding that the former language represented a much stricter standard than the revised language).

Moreover, courts have also accepted statements from government officials identifying privacy interests in general terms because "[i]t is difficult if not impossible, to anticipate all respects in which disclosure might damage reputations or lead to personal embarrassment or discomfort." *Lesar v. U.S. Department of Justice*, 636 F.2d 472, 488 (D.C.Cir.1980). Because of

the lenient standard, the government is not required to "detail the precise harm which disclosure would inflict upon the privacy interests of each individual; rather, it must only show that release of the information 'could reasonably' result in an unwarranted invasion of privacy." *Halloran*, 874 F.2d at 320.

■ Both common law and literal understandings of privacy include the individual's control of information concerning his or her person. *See Reporters Committee*, 489 U.S. at 762, 109 S.Ct. 1468. Importantly, Exemption 7(C) not only encompasses personal, intimate details, but it also includes types of information that one could reasonably assert an option to withhold from public at large because of its intimacy or its possible adverse effects upon himself or his family. *L & C Marine Transport, Ltd. v. United States*, 740 F.2d 919, 923 (11th Cir.1984). Possible adverse effects include detrimental consequences to a person's job or livelihood. *Id.* at 922. Courts have recognized that employer can retaliate against employees after furnishing information to federal law enforcement agencies. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 240, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). Even before the 1986 amendment to Exemption 7(C), courts protected identities of employee-witnesses in the course of an OSHA investigation with respect to information that was given to the agency. *See Cuccaro v. Secretary of Labor*, 770 F.2d 355, 359–60 (3d Cir.1985); *Miles v. U.S. Dept. of Labor*, 546 F.Supp. 437, 440–41 (M.D.Pa. 1982); *Lloyd and Henniger v. Marshall*, 526 F.Supp. 485, 487 (M.D.Fla.1981).

■ Based on the well-established case law defining the contours of Exemption 7(C), the Court finds in the instant case that Cooper Cameron's requested witness interviews falls within the Exemption. Specifically, OSHA has met its burden in showing that the privacy interests of the

witnesses outweigh the public's general interest in disclosure.[1]

■ At issue are the contents of what each witness said with regard to the Lyondell explosion. These witnesses have not agreed to the release of their statements to Cooper Cameron. Moreover, the fact that some of the witnesses have already been identified by name does not vitiate their privacy interests. As the Supreme Court stated in *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993), a witness's right to confidentiality under Exemption 7 is not limited to mere anonymity or secrecy, but rather to an expectation by the witness that his information will not be released indiscriminately. *Id.* at 169, 113 S.Ct. 2014. The witnesses in the instant case, as employees of a petrochemical plant under investigation, face a myriad of possible adverse effects on themselves, their families, and their jobs if their statements are disclosed. Again, the Court notes that, even before the 1986 amendment to Exemption 7, courts were willing to protect witness information in the context of an OSHA investigation. *See, e.g., Cuccaro v. Secretary of Labor*, 770 F.2d 355, 359–60 (3d Cir.1985); *Miles v. U.S. Dept. of Labor*, 546 F.Supp. 437, 440–41 (M.D.Pa. 1982); *Lloyd and Henniger v. Marshall*, 526 F.Supp. 485, 487 (M.D.Fla.1981).

Thus Court thus finds that important privacy interests of the various witnesses in the instant case are at stake.

These privacy interests outweigh the public's interest in disclosure. The public interest for Exemption 7(C) is served if the disclosure opens agency action to the light of public scrutiny rather than on the particular purpose for which the document is being requested. *Reporters Committee*, [109 S.Ct. at 1481]. Yet the FOIA's purpose "is to ensure that the Government's activities be opened to the sharp eye of public scrutiny, not that information about private citizens that happens to be in the warehouse of the Government be so disclosed." *Id.*

Moreover, the Court recognizes that a public interest exists in nondisclosure because the release of information about individuals could chill future cooperation and thus hamper the government agency's power to investigate. *See Housley v. U.S. Department of Treasury*, 688 F.Supp. 37, 39 (D.D.C.1988). Cooper Cameron claims that there is a public interest for disclosure to ensure that OSHA has investigated the accident adequately because of the alleged toxic materials at Lyondell. OSHA, however, points out that disclosure of private witness information would undermine its investigative powers because future cooperation from individual witnesses would

1. The Court, as a threshold matter, finds that Exemption 7 is properly invoked because the information that Cooper Cameron seeks was compiled for law enforcement purposes. *See Buhovecky v. Department of Justice*, 700 F.Supp. 566, 570 (D.D.C.1988) (citing *Pratt v. Webster*, 673 F.2d 408, 413–421 (D.C.Cir. 1982)). To demonstrate that information was compiled for law enforcement purposes, an agency must show that: (1) its investigative activities are related to the enforcement of federal laws, and (2) there is a rational connection between the investigation and the agency's law enforcement duties. *Id.*

The information that OSHA compiled with respect to the witnesses' statements and the Lyondell explosion satisfies the two-pronged inquiry. OSHA's law enforcement function is carried out pursuant to 29 U.S.C. § 657 and § 658. Section 657 provides that OSHA has

the authority to "enter without delay . . . any factory, plant, . . . or other area . . . where work is performed by an employee of an employer," and to "inspect and investigate . . . any such place of employment and all pertinent conditions," and to "question privately any such employer, owner, operator, agent or employee." 29 U.S.C. § 657.

Section 658 states that, if upon inspection or investigation OSHA believes "that an employer has violated a requirement of section 654 of this title, or any . . . regulations prescribed pursuant to this chapter, he shall with reasonable promptness issue a citation to the employer." 29 U.S.C. § 658.

The Court finds that these statutory authorities clearly indicate that OSHA's investigative duties are for the purpose of enforcing federal laws. As such, the threshold for the invocation of Exemption 7 is satisfied.

be chilled. The Court agrees, and finds that the public interest in the instant case is more properly served by nondisclosure than by disclosure.

■■■■ The Court also that finds that Exemption 7(D) of the FOIA applies in the instant case to prevent the disclosure of records that could reasonably be expected to disclose the identity of a confidential source. *See* 5 U.S.C. § 552(b)(7)(D). "Confidential" does not mean "secret," but instead "given in confidence" or "in trust." *Radowich v. U.S. Atty. Dist. of Maryland*, 658 F.2d 957, 959–960 (4th Cir.1981); *Keeney v. F.B.I*, 630 F.2d 114, 119 n. 2 (2d Cir.1980). Exemption 7(D) protects not only the identity of the informers, but also the information which may reasonably be found to lead to such an identification. *Kiraly v. F.B.I.*, 728 F.2d 273, 278 (6th Cir.1984). Only the witness, not OSHA, has the power to waive Exemption 7(D)'s protection of confidentiality. *See Landano*, 508 U.S. at 173, 113 S.Ct. 2014. The confidentiality of persons who give information to government agencies have important policy concerns because it protects people who provide controversial information to the government. *See Pope v. United States*, 599 F.2d 1383, 1387 (5th Cir. 1979).

In the present case, the employee-witnesses are covered by Exemption 7(D) because OSHA did ensure the employee-witnesses that their statements would be confidential. In fact, the record indicates that all employee-witnesses interviewed in the course of OSHA investigations regarding the Lyondell explosion were explicitly and implicitly assured the utmost confidentiality. *See Cuccaro v. Secretary of Labor*, 770 F.2d 355, 360 (3d Cir.1985); *Borton, Inc. v. Occupational Safety and Health Administration*, 566 F.Supp. 1420, 1425 (E.D.La.1983). Due to the nature of the law enforcement activity of the Lyondell investigation, along with the fact that the witnesses are employee-witnesses vulnerable to an employer's reprisal, the employee-witnesses are protected by Exemption 7(D). *See Landano*, 508 U.S. at 176, 113 S.Ct. 2014.

Cooper Cameron claims that the disclosure of the names of three of the witnesses, Bobby G. Squier, Jack E. Bass, and Dennis W. Hutter, renders Exemption 7(D)'s protection moot in the instant case. Cooper Cameron's argument, however, goes against its explicit statement that the scope of its FOIA request is not limited to the statements of Bobby G. Squier, Jack E. Bass, and Dennis W. Hutter. Because Exemption 7(D) protects not only the identity of informers, but also the information which may reasonably be found to lead to such an identification, *Kiraly v. F.B.I.*, 728 F.2d 273, 278 (6th Cir.1984), the statements of the three named witnesses could violate Exemption 7(D) by leading to the identification of more informers. Furthermore, Exemption 7(D) does not dissipate if the identity of the persons later becomes known because only these three witnesses can waive Exemption 7(D)'s protection. *See Landano*, 508 U.S. at 173, 113 S.Ct. 2014.

The Court lastly rejects Cooper Cameron's claim that OSHA is required to segregate the material not covered under Exemption 7. As OSHA argues, even if the requested documents were "sanitized" to exclude names of other witnesses, the purposes of Exemption 7(D) would be undermined in the instant case. "Merely deleting the name from the statement would not insure against identification, since the employee's narrative, or part of it, may be such that the employer [or others conversant in the matter] could identify the employee involved, or could narrow the group down to two or three employees." *Alirez v. NLRB*, 676 F.2d 423, 427 (10th Cir.1982) (quotations omitted). Moreover, "it is doubtful whether the court could select which portions to release with the degree of certainty required adequately to protect the interests of employees who wish to avoid identification." *Id.*

## IV. CONCLUSION

Although the FOIA provides for the disclosure of government documents so that the government's actions could be subjected to public scrutiny, certain exemptions to the FOIA prevent disclosure in all situations. Here, two particular Exemptions apply: Exemption 7(C) applies because the privacy interest of the witness-employees outweighs any public interest in releasing the information, and Exemption 7(D) applies to protect witness-employees to whom OSHA had expressly and implicitly promised confidentiality. Accordingly, the Court

**ORDERS** that Plaintiff Cooper Cameron's Motion for Summary Judgment is **DENIED**; and

**ORDERS** that Defendant United States Department of Labor and Occupational Safety and Health Administration's Cross-Motion for Summary Judgment is **GRANTED**.