Vincent James **LANDANO**, Plaintiff,

v.

**U.S. DEPT. OF JUSTICE, et
al., Defendants.**

Civ. A. No. 90–1953.

United States District Court,
D. New Jersey.

Nov. 29, 1990.

Neil Mullin, Smith, Mullin & Kiernan,
West Orange, N.J., for plaintiff.

Susan C. Cassell, Office of the U.S.
Atty., Newark, N.J., for defendants.

OPINION

SAROKIN, District Judge.

Plaintiff, Vincent James Landano moves,
pursuant to Fed.R.Civ.P. 56, for summary
judgment in his action to compel the Feder-
al Bureau of Investigation ("FBI") to re-
lease without redactions FBI information
he requested pursuant to the Freedom of
Information Act ("FOIA"), 5 U.S.C. § 552.
The FBI cross-moves for summary judg-
ment against plaintiff, claiming that its de-
cision not to release certain information to

plaintiff, and to release with redactions other requested information comports with certain statutory exceptions to FOIA. For the reasons given below, this court declares plaintiff's motion for summary judgment moot, partially grants defendant's cross-motion for summary judgment and partially denies defendant's cross-motion for summary judgment.

## INTRODUCTION

By promulgating the Freedom of Information Act ("FOIA"), Congress sought to "open agency action to the light of public scrutiny." *Department of the Air Force v. Rose*, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1975). It did not intend to provide individual citizens with information about their fellow citizens for their own self-interested use. Yet the mere fact that an applicant possesses a substantial self-interest in the information does not disqualify him or her from requesting that information.

In this case, plaintiff claims that the FBI maintains in its files information which exculpates him from a murder for which he was convicted and may inculpate someone else; and that such information was systematically withheld from him and his counsel during his prosecution. Plaintiff's right to information that establishes his innocence and the public's interest in assuring that the innocent are not wrongfully convicted and confined furthers the policy concerns which engendered the statute. Where a person convicted of a serious crime can demonstrate, as petitioner has done here, that the prosecution possessed and concealed information which might have lead to petitioner's acquittal, such person and the public should be entitled to examine that information and the reasons and policies surrounding its concealment.

The court believes that the privacy interests and agency concerns expressed by the government can be protected by appropriate redactions, while petitioner and the public are afforded the opportunity for the scrutiny which the statute contemplates. The court does not mean to suggest that following every conviction a criminal defendant shall be entitled to review the entire investigative file. A substantial showing must be made, as has been made here, demonstrating a pattern of conduct which has severely prejudiced the plaintiff's rights, and thus the fairness and integrity of the criminal justice system itself.

The court rejects the government's offer for an *in camera* inspection by the court. Despite the court's familiarity with this matter and the contentions of plaintiff, the court is convinced that no impartial reviewer can examine these files with the same knowledge, intensity, and interest as plaintiff and his counsel. Matters of substantial significance could easily elude the court or anyone designated by the court to perform this task.

Finally, the court is concerned at the strident position taken by the United States Attorney in this matter, gratuitously disparaging the plaintiff's protestations of innocence.[1] The court makes no finding of wrongdoing on the part of the FBI in this matter, and the government is justified, and indeed required, to defend the agency and the integrity of its files. However, if there is evidence existing in those files which proves or tends to prove Mr. Landano's innocence, the government should be volunteering it rather than resisting its disclosure. Law enforcement agencies have as much of a duty to protect, and if necessary, free the innocent, as they do to convict and punish the guilty. The resistance to disclosure of information in this matter

---

**1.** In belittling plaintiff's argument in this case, the government's brief in favor of its cross-motion for summary judgment states:

> The United States is as concerned about the interests of justice as is plaintiff, and defendants would not thwart production of documents if the law did not absolutely preclude production of documents sought by plaintiff, *especially in the extremely unlikely event*

> *plaintiff is innocent of the charges of which he was convicted. However, we cannot help but wonder, as should this court, about plaintiff's credibility in light of his recent false assertions of FBI wrongdoing ... which cannot help but color one's view of plaintiff's credibility on his claims of innocence as well.*
>
> U.S. Government's brief in favor of its Cross-Motion for Summary Judgment, at 23.

is not a testament to a system intent on seeking the truth and dispensing justice.

BACKGROUND

On August 13, 1976, two gunmen robbed the Hi–Way Check Cashing Service in Kearney, New Jersey. During the robbery, one of the gunmen shot and killed Newark Police Officer, John Snow. A Hudson County grand jury indicted plaintiff and three other men, Allen Roller, Victor Forni, and Bruce Reen, for felony murder and other crimes stemming from the robbery, and on May 17, 1977, plaintiff was convicted of felony murder and other crimes associated with the robbery.

During the thirteen years since his conviction, plaintiff has maintained that he is innocent of the charges, and that the Hudson County prosecutor withheld significant exculpatory evidence from him and his counsel in an effort to convict him for a crime which he did not commit. After Raymond Portas, a key witness for the prosecution, recanted his trial testimony in which he originally stated that he saw plaintiff driving the getaway car used in the robbery, plaintiff filed a petition for habeas corpus with this court, claiming that his due process rights to a fair trial were infringed by the admission of Portas' identification testimony. After conducting an evidentiary hearing, this court was convinced that Portas' recantation was believable. However, it reluctantly denied plaintiff's petition, recognizing that it was bound by the state trial court's prior finding that Portas' recantation was incredible. *Landano v. Rafferty*, 670 F.Supp. 570 (D.N.J.1987), *aff'd*, 856 F.2d 569 (3d Cir. 1988), *cert. den.*, 489 U.S. 1014, 109 S.Ct. 1127, 103 L.Ed.2d 189 (1989). On June 27, 1989, however, this court issued a conditional writ of habeas corpus in response to plaintiff's motion for relief from its prior judgment, pursuant to Fed.R.Civ.P. 60(b), basing the ruling on its finding that the state prosecutor had suppressed exculpatory information during plaintiff's criminal trial. *Landano v. Rafferty*, 126 F.R.D. 627 (D.N.J.1989). The Court of Appeals for the Third Circuit reversed this court's decision, holding that plaintiff had not exhausted his state law remedies with respect to that particular claim for post-conviction relief. *Landano v. Rafferty*, 897 F.2d 661 (3d Cir.1990), *cert. den.*, — U.S. —, 111 S.Ct. 46, 112 L.Ed.2d 23 (1990).

On September 30, 1988, plaintiff sent a letter to the FBI's Newark Field Office requesting all FBI information pertaining to the murder of Police Officer Snow (FOIA Request No. 310265, "Snow Request"). On May 8, 1990, 19 months later, the FBI responded by releasing to plaintiff redacted portions of its Snow investigative file. The FBI provided plaintiff with 324 pages of the 726 page file. Names and substantial passages were deleted from many of the pages supplied.

On January 10, 1989, plaintiff sent a letter to the FBI requesting its file on Victor Forni (FOIA Request No. 306424, "Forni Request"). On June 22, 1990 the Department of Justice ("DOJ") informed plaintiff's attorney that the FBI was precluded from fulfilling plaintiff's Forni Request under the Privacy Act, 5 U.S.C. § 552a(b)(2) and FOIA, 5 U.S.C. § 552(b)(7)(C), and that plaintiff could not receive the requested file unless Mr. Forni authorized the release of such information.

Plaintiff appealed to the DOJ both the FBI's decision to send him a redacted version of its Snow file and its decision not to send him its Forni file. Because the DOJ has affirmed both FOIA request decisions, this court now has jurisdiction over this dispute. Since oral argument in this case, Victor Forni has authorized the release of his FBI file to plaintiff, rendering the controversy concerning the Forni request moot. This court will thus only rule upon plaintiff's Snow request in this opinion.

DISCUSSION

In order for a party to prevail on its motion for summary judgment, it must show that there are no genuine issues of material fact and that, viewing the facts in the light most favorable to the non-moving party, it will prevail on its claims as a matter of law. Fed.R.Civ.P. 56; *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 83 (3d

Cir.1987). There are no genuine issues of material fact in this case. Plaintiff and defendant agree that the FBI sent plaintiff a redacted version of its Snow file. While defendant and plaintiff disagree as to the extent of the FBI's involvement in the withholding of exculpatory evidence from plaintiff at his criminal trial, both parties acknowledge that the FBI was involved in the investigation which resulted in plaintiff's prosecution and conviction.

Given the dearth of factual disputes in this matter, the threshold question before this court is whether defendant has sufficiently justified its redactions and deletions of the Snow file. When adjudicating the withholding of information under FOIA, district courts must determine the matter *de novo*, requiring the defendant to bear the burden of proving that the information not released by defendant comes within a statutory exemption. § 552(a)(4)(B); *King v. Dept. of Justice*, 830 F.2d 210, 217 (D.C. Cir.1987). Courts reviewing FOIA requests must also give effect to the statute's strong presumption in favor of releasing requested documents. *I.E.B.W. Local No. 5 v. U.S. Dept. of HUD*, 852 F.2d 87, 89 (3d Cir.1988).

In *Vaughn v. Rosen*, 484 F.2d 820, 826–28 (D.C.Cir.1973), *cert. den.*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), the Court of Appeals for the District of Columbia required federal agencies to describe and index withheld information, in an effort to avoid shifting the burden of proof in FOIA request cases from defendant to plaintiff. A *Vaughn* index describes with particularity the withheld information and identifies the FOIA exceptions that apply to that information, insuring that the plaintiff does not have to argue for the release of withheld information without knowing generally its nature and relevance to the professed FOIA exemptions. As the court in *King v. U.S. Dept. of Justice*, 830 F.2d 210 (D.C.Cir.1987) stated, "when an agency seeks to withhold information, it must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of the withheld document to which they ap-

ply." *Id.* at 219. In its supporting affidavit, defendant enumerated those FOIA exemptions that it contends cover the withheld material in this case. Superneau Aff., at 13. Where whole pages were withheld from plaintiff, defendant supplied an index describing in general terms the withheld material and stipulating the applicable FOIA exceptions. Where material was deleted on a released page, defendant specified what it considered the appropriate FOIA exception alongside the indicated deletion.

In its affidavit, defendant claimed that the redactions and deletions of the Snow file are permissible under exemptions 552(b)(2), (b)(6), (b)(7)(C), and (b)(7)(D) of FOIA. This court will now examine defendant's contentions respecting these exemptions.

Section 552(b)(2) exempts from mandatory disclosure records "related solely to the internal practices of an agency." The FBI asserted exemption (b)(2) to withhold symbol numbers of confidential informants. The withholding of symbol numbers and file numbers has been upheld as a legitimate application of exemption (b)(2). *Branch v. FBI*, 658 F.Supp. 204, 208 (D.D.C.1987). Because this court agrees that the interests weigh in favor of withholding the symbol numbers of confidential informants in this case, and that little public interest in the internal symbol and file numbers of the FBI exists, it affirms the FBI's decision to do so.

Section 552(b)(6) allows the government to withhold information about individuals in "personnel and medical files and similar files" where the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." Defendant contends that it withheld individual criminal history or rap sheet information pursuant to (b)(6), labeling such information "similar files" under the exemption. In light of the Supreme Court's ruling in *Dept. of Justice v. Reporter's Committee for Freedom of the Press*, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989), that rap sheet information can be withheld pur-

suant to exemption (b)(7)(C), this court considers as protected from disclosure any rap sheet information in the Snow file. However, this court considers such information protected only under (b)(7)(C) and not, as asserted by defendant, under (b)(6). If defendant withheld any other information pursuant to (b)(6), it must specify its nature to this court so that it can determine by proper balancing whether such information was properly withheld under that exemption.

■ Section (b)(7)(C) allows the government to withhold certain personal information in law enforcement records. The statute sets out the exemption as follows:

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy.

In reliance on exemption 7(C), the FBI withheld the names of special agents, FBI support employees, police officers, and other third parties to the Snow investigation, including witnesses. It also withheld the initials of FBI employees.

To satisfy the requirements for exemption 7(C), defendant must show that the withheld information consists of "law enforcement records", and that an invasion of privacy could reasonably result from its disclosure. In this instance, records responsive to plaintiff's FOIA request were compiled during the investigation of a bank robbery involving the death of an individual. The FBI was authorized to compile the information under 18 U.S.C. § 2113, Bank Robbery and Incidental Crimes. In view of defendant's authority to gather the information, this court finds that it was compiled for law enforcement purposes.

The second requirement in applying exemption 7(C) is to determine whether disclosure of the information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." The legislative history of exemption (7) demonstrates a congressional intent to protect the privacy rights of persons other than the subject of the investigation. As its author, Senator Hart explained:

[It] is intended to protect the privacy of any person who is mentioned in the requested files, and not only the person who is the subject of the investigation. Cong.Rec. 17033 (May 30, 1974).

Where an individual mentioned in the withheld information has a cognizable interest in privacy, the court must determine whether to release that information by "weigh[ing] ... the public benefit which would result from the disclosure against the privacy interest and the extent to which it is invaded." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 601 (3rd Cir.), *cert. denied, Patterson v. F.B.I.*, —— U.S. ——, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990), (quoting *Cuccaro v. Secretary of Labor*, 770 F.2d 355, 359 (3d Cir.1985)).

In FOIA request cases, certain types of information may, as a matter of law, be withheld from an applicant under what the Supreme Court has called "categorical balancing". In *Reporter's Committee*, the Supreme Court sanctioned the practice of categorical balancing under exemption 7(C) and other exemptions while holding that all rap sheet information not requested by its subject is exempt from FOIA disclosure under exemption 7(C). "[F]or an appropriate class of law-enforcement records or information", stated the court, "a categorical balance may be undertaken." *Reporter's Committee,* supra 109 S.Ct. at 1484. "Categorical decisions may be appropriate and individual circumstances disregarded", declared the court, "when a case fits into a genus in which the balance characteristically tips in one direction." *Id.* 109 S.Ct. at 1483. In delineating the requirements for categorical balancing, the Supreme Court stated:

If it is always true that the damage to a private citizen's privacy interest from a rap sheet's production outweighs the FOIA-based public value of such disclosure, then it is perfectly appropriate to conclude as a categorical matter that production of such [rap sheets] could reasonably be expected to constitute an unwar-

ranted invasion of personal privacy. *Id.* 109 S.Ct. at 1484.

Such guidelines compel this court to uphold defendant's withholding of the names of FBI informants or FBI undercover agents. Because their names are not made available to the public through other channels, it is reasonable to expect that such individuals would have a stronger privacy interest than others whose names may be disclosed irrespective of any FOIA request. Moreover, policy concerns dictate that persons who have supplied information to investigative personnel in confidence should not have to risk harassment or retaliation as a result of their cooperation. *See Dow Jones & Company, Inc. v. Dept. of Justice,* 908 F.2d 1006, 1011 (D.C.Cir.1990). Disclosing the names of FBI undercover personnel and informants could subject such persons to retaliation and other dangers unique to the work they perform for the FBI. *See King v. U.S. Dept. of Justice,* 830 F.2d 210, 232–33 (D.C.Cir.1987). In accordance with the requirements of *Reporter's Committee,* this court finds that the disclosure of the names of FBI undercover agents or FBI informants could reasonably be expected to constitute an unwarranted invasion of personal privacy, and that the FOIA-based public value in the information, though significant, will generally not outweigh the damage to the privacy of the individuals mentioned in the information. This court therefor upholds defendant's withholding of such information. However, even though, presumptively, undercover agents and informants are entitled to protection, a plaintiff may establish that the need for the disclosure of such information outweighs the privacy rights of such individuals. The burden in such instances should be cast upon the plaintiff to establish that such invasion of personal privacy is warranted by the particular circumstances presented. *See Dow Jones,* 908 F.2d at 1011.[2]

■ This court does not accept defendant's contention that the names of witnesses or other FBI and law enforcement personnel should be withheld from plaintiff under exemption 7(C). The identities of many of these persons are routinely made known to the public through other channels, the specter of harassment or retaliation does not seem as eminent for these individuals, and nothing presented by defendant in this matter convinces the court that they as a group possess privacy interests compelling enough to satisfy the standard for categorical non-disclosure announced in *Reporter's Committee.* For this category of information, the burden should remain with the government to establish that disclosure is an unwarranted invasion of personal privacy.

Having rejected defendant's assertion that the names and initials of FBI and law enforcement personnel other than undercover FBI personnel and FBI informants may be categorically withheld under *Reporter's Committee*'s categorical balancing standard, this court must now determine whether the circumstances and exigencies of the Snow investigation compel non-disclosure of such information in this particular case. In setting forth the considerations of this contextualized, as opposed to categorical, balancing approach in *Stern v. F.B.I.,* 737 F.2d 84 (D.C.Cir.1984), the Court of Appeals for the D.C. Circuit, a court highly experienced in FOIA request cases, declared that the 7(C) balance:

> must be applied to the specific facts of each case. Because the myriad of considerations involved in the Exemption 7(C) balance defy rigid compartmentalization, per se rules of nondisclosure based upon the type of document requested, the type of individual involved, or the type of activity inquired into, are generally disfavored. A particular

**2.** This court agrees with the D.C. Circuit that a presumption of non-disclosure should exist with respect to the identities of confidential FBI informants. However, this court does not consider such presumption "irrebuttable", in practical terms, as the D.C. Circuit has characterized it in the *Dow Jones* opinion. Unlike the court in

*Dow Jones,* this court holds that a court may consider proofs other than evidence that the informant did not manifest a regard for confidentiality during the initial disclosure of information as evidence that could overcome the presumption against disclosure.

record may be protected in one set of circumstances, but not in others. *Id.* at 91 (citing *Bast v. Dept. of Justice*, 665 F.2d 1251, 1254 (D.C.Cir.1981).

In *Keys v. U.S. Dept. of Justice*, 830 F.2d 337 (D.C.Cir.1987), the D.C. Circuit opined that "[a] compartmentalization is 'rigid' within the meaning of *Stern* only to the extent that it ignores factors that are material, or gives undue weight to factors that are of little or no relevance." *Id.* at 347.

Adopting the spirit of these cases, this court finds that defendant has not proffered any evidence to this court that justifies the withholding of the names of the remaining law enforcement personnel or witnesses cited in the Snow file. Defendant's affidavit covers generally the potential dangers in releasing the names of FBI support personnel and police officers, and this court acknowledges that in many instances, withholding such information may be justified. Yet defendant offers nothing to convince the court that the dangers involved in releasing such information exist in this particular case, particularly in view of the approximately 14 years which has elapsed since the underlying investigation. With respect to those witnesses or law enforcement personnel not covered by categorical balancing, defendant does not distinguish between persons who would be endangered by disclosure and those who would not. Defendant does not consider the effect that the passage of time has had on the privacy interests of the named individuals, and does not indicate whether persons initially thought to have been covered by exemption 7(C) have died or have already been exposed in other fora to the public.

■ Under section (b)(7)(D), records or information are properly exempted from disclosure when such disclosure:

> ... could reasonably be expected to disclose the identity of a confidential source, ... and in the case of a record or information complied by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security in-

telligence investigation, information furnished by a confidential source ...

The government claimed the exemption under section (b)(7)(D) to protect sources of information identified in its bank robbery investigation, including information obtained from non-federal law enforcement agencies, information that the FBI believed could reasonably be expected to disclose the identity of an FBI source, information from confidential FBI sources, and certain FBI symbol source number information. As mentioned above, this court finds that FBI symbol source numbers are properly protected under (b)(2), See *Branch*, 658 F.Supp., *supra* at 208. For many of the reasons given for withholding identifying information about certain confidential witnesses and FBI undercover agents, this court also holds that the categorical balancing approach announced in *Reporter's Committee* allows the withholding of bank robbery investigation information that could reasonably be expected to disclose the identity of a confidential FBI source or undercover agent. With respect to all other information withheld by defendant under (b)(7)(D), the court requires case-specific reasons for non-disclosure which were not supplied by defendant. Accordingly, any other information withheld by the government under exemption 7(D) must be released to plaintiff.

As stated above, in assessing defendant's reasons for withholding the redacted information, this court has not reviewed the unredacted Snow file *in camera*, although it possesses the powers to do so under § 552(a)(4)(B). This court realizes that the *in camera* review provision of FOIA furthers Congress' obvious interest in insuring that government agencies conduct "good faith" responses to FOIA requests and do not unfairly withhold information from the public. See *Patterson*, 893 F.2d at 600. Yet cases have acknowledged that "in the ordinary case, a *Vaughn* index correlating justifications for non-disclosure with the particular portions of the documents requested will generally suffice to narrow the disputed issues and permit a reasoned disposition by the district court." *Patterson, supra,* at 599; *Lame v. U.S. Dept. of*

*Justice,* 654 F.2d 917, 922 (3d Cir.1981). It is thus reasonable for a court to expect a *Vaughn* index and accompanying affidavit to set forth the ways in which the statutory exemptions apply to the particular FOIA request at issue. District courts should not have to conduct an *in camera* review of withheld information every time they need to determine whether the circumstances of the particular case warrant the government's exercise of a FOIA exemption. Furthermore, the infirmities of an *in camera* review discussed above renders its availability insufficient to satisfy the needs and policies of the statute in many, if not most, cases.

CONCLUSION

Under the FOIA, the public's right to disclosure of information has been broadly defined and its exemptions narrowly construed. Doubts are to be resolved in favor of disclosure. The basic purpose of the statute is to protect the people's right to obtain information about their government and to expose to the light of day agency conduct and practices. Those goals must be balanced against the needs in certain areas to protect confidential information and individual privacy rights.

The need for privacy is at its highest pinnacle in connection with criminal investigations. Those who come forward with information and those against whom the information is submitted are entitled to a high threshold of protection. That threshold can be exceeded, however, when the need for disclosure exceeds the need for privacy—where the public interest in obtaining information outweighs the private or agency interest in concealing it. In balancing those interests, it is difficult to envision that information which might serve to free a person wrongly convicted of murder should remain concealed in order to protect someone's identity or right of privacy.

For the foregoing reasons, this court grants defendant's cross-motion for summary judgment as to all FBI symbol source and file numbers, symbol numbers of confidential FBI informants, individual rap sheet information mentioned in defendant's Snow file, names of FBI informants or FBI undercover personnel, and information that could reasonably be expected to reveal the sources of confidential information. This court considers such information properly protected in this instance under the proffered exemptions, subject to a particularized showing that such protection is unwarranted. With respect to other information withheld by defendant, including the names of witnesses, FBI support personnel, FBI personnel that do not work undercover, and other law enforcement personnel not covered by this court's interpretation of categorical balancing, this court concludes that the government failed to proffer evidence that supports the withholding of such information under the exemptions to FOIA in this particular case. As to these categories, it is the burden of the government to establish that such disclosure constitutes an unwarranted invasion of privacy.