Vincent James LANDANO, Plaintiff,

v.

U.S. DEPT. OF JUSTICE, et al., Defendants.

Civ. A. No. 90–1953.

United States District Court,
D. New Jersey.

Feb. 28, 1991.

Susan C. Cassel, Office of U.S. Atty., Newark, N.J., for defendants.

Neil Mullin, Smith, Mullin & Kiernan, West Orange, N.J., for plaintiff.

## AMENDED OPINION

SAROKIN, District Judge.

Defendant Federal Bureau of Investigation ("FBI") moves, pursuant to Fed.R. Civ.P. 59(e), for reconsideration and/or clarification of the court's November 29, 1990 decision and December 13, 1990 order. Defendant also moves for a stay of the court's December 13, 1990 order pending appeal of the court's decision or, in the alternative, for an extension of the time set for the production of documents. For the reasons which follow, this court grants defendant's motion for reconsideration and clarifies its previous opinion as follows:

## INTRODUCTION

■ On its motion for reconsideration, the government presents the following syllogism: (1) all information conveyed to the FBI during the course of a criminal investigation is furnished pursuant to an express or implied promise of confidentiality; (2) based upon such express or implied promise neither the source nor the content of the information received from such source may be disclosed; (3) therefore, all information gathered by the FBI from any source during a criminal investigation is exempt from disclosure under exemption 7(D) of FOIA. Neither the statute nor any binding judicial interpretation of it supports this contention.

■ A person is a confidential source if she or he provided information under an express assurance of confidentiality or under circumstances from which an assurance of confidentiality could be reasonably inferred. *See Lame v. United States Dept. of Justice,* 654 F.2d 917, 923 (3d Cir.1981). Whether such an express or implied assurance of confidentiality was made is a question of fact to be determined in regard to each source. In this Circuit, the *per se* rule or presumption suggested by the government does not exist. To find as the government contends would totally eviscerate the statute and its policy and purpose. Only if there is a finding supported by competent evidence that a source is confidential does that source and all information provided by it become exempt from the disclosure requirement of FOIA. *See Lame, id.* The Court is entitled to receive and review detailed information as to each alleged confidential source. The blanket and generic exemption sought by the government is without support and defeats the policy of public exposure which prompted the statute in the first instance.

As to the judicial balancing required under exemption 7(C), the government suggests that "clearing one wrongly convicted" is not of sufficient public interest to even consider whether it warrants an invasion of an informant's right of privacy. By so arguing, the government continues to misconstrue and trivialize what this court has found to be a substantial public interest. As stated in this court's earlier opinion:

> Where a person convicted of a serious crime can demonstrate, as petitioner has done here, that the prosecution possessed and concealed information which might have lead to petitioner's acquittal, such person and the public should be entitled to examine that information *and the reasons and policies surrounding its concealment. Landano v. Dept. of Justice,* 751 F.Supp. 502, 503 (1990) (emphasis added).

The government may believe that a policy of concealing exculpatory information, resulting in wrongful convictions is not a matter of public interest and concern. If so, all the more reason for the subject statute and the need to see beyond the

government's representations and permit the public to form its own judgments.

Lastly, the court expresses its concern over the potential inconsistencies which could result from the differing approaches for determining whether information may be withheld under exemptions 7(C) or 7(D). Under the current case law, a court may determine that the FOIA-based public interest in disclosure of information outweighs the privacy interests of an individual informant and the extent to which that informant's privacy would be invaded, thus allowing disclosure under exemption 7(C). However, if the informant was a confidential source, the court may be required to uphold the government's nondisclosure of that same information under exemption 7(D). These potential inconsistencies may run contrary to FOIA's overall policy of broad public disclosure.

## BACKGROUND

This dispute arises out of two requests for FBI documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, plaintiff's September 30, 1988 request for information on the FBI's investigation of the murder of Police Officer Snow (FOIA Request No. 310265, "Snow Request") and plaintiff's January 10, 1989 request for information on Victor Forni (FOIA Request No. 306424, "Forni Request"). Because a thorough discussion of the history of this case appears in the court's November 29, 1990 opinion, the court will not repeat it here.

In its November 29, 1990 opinion and December 13, 1990 order, this court granted defendant's cross-motion for summary judgment and denied plaintiff's cross-motion for summary judgment with respect to the Snow file as to all FBI symbol source and file numbers, symbol numbers of confidential FBI informants, individual rap sheet information mentioned in defendant's Snow file, names of FBI informants or FBI undercover personnel, and information that could reasonably be expected to reveal the sources of confidential information. The court also denied defendant's cross-motion for summary judgment and granted plaintiff's cross-motion for summary judgment

with respect to the Snow file as to the names of witnesses in the Snow investigation, the names of FBI support personnel, and the names of other law enforcement personnel not covered by the court's interpretation of categorical balancing. In light of Mr. Forni's consent to the release of his FBI file, this court also partially granted plaintiff's motion for summary judgment on his Forni request, allowing defendant to redact that file in a manner consistent with the court's opinion respecting the Snow file.

## DISCUSSION

■ When adjudicating the withholding of information under FOIA, district courts must determine the matter *de novo*, requiring the defendant to bear the burden of proving that the information not released by defendant comes within a statutory exemption. § 552(a)(4)(B); *King v. U.S. Dept. of Justice*, 830 F.2d 210, 217 (D.C. Cir.1987). Courts reviewing FOIA requests must also give effect to the strong presumption in favor of releasing requested documents. *I.E.B.W. Local No. 5 v. U.S. Dept. of Housing & Urban Development*, 852 F.2d 87, 89 (3d Cir.1988).

### *Exemption 7(D)*

■ Defendant argues that this court erred in applying an exemption 7(C)-type balancing test to determine which information may be withheld from plaintiff under exemption 7(D). The court does not agree. In describing in its Summary Judgment brief the material withheld by the FBI under exemption 7(D), the government stated:

> The FBI claimed exemption 7(D) pursuant to plaintiff's Snow request to protect sources of information, including information obtained from non-federal law enforcement agencies, identified in the bank robbery investigation. Additionally, the FBI applied exemption 7(D) to information that could reasonably disclose the identity of a source (citations excluded) ... Symbol source materials were also withheld under this exemption, as well as information obtained from confidential sources. Defendant's brief in support of summary judgment at 20–21.

Contrary to defendant's position, this court did not apply an exemption 7(C)-type balancing test to determine what information may be withheld under exemption 7(D). It merely inquired into whether defendant had properly justified the withholding of the information under exemption 7(D).

Under exemption 7(D), information and records are properly exempted from disclosure when disclosure:

> ... could reasonably be expected to disclose the identity of a confidential source, ... and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source ...

In *Cuccaro v. Secretary of Labor*, 770 F.2d 355 (3d Cir.1985), the Third Circuit reiterated the holding of that court in *Lame v. U.S. Dept. of Justice*, 654 F.2d 917 (3d Cir.1981) that "a person is a confidential source if he or she provided information under an express or reasonably implied assurance of confidentiality." *Cuccaro*, 770 F.2d at 360. The *Cuccaro* court also noted that "where an investigative agency relies upon information supplied by individuals who might suffer severe detriment were their identities disclosed, assurances of confidentiality may reasonably be inferred." *Id.*

■ In *Lame*, the court declared that "[w]hether there is an expressed or implied assurance of confidentiality is a question of fact to be determined in regard to each source." *Lame*, 654 F.2d at 923. Despite shouldering the burden of proof as to the applicability of exemption 7(D) to the particular information withheld, defendant proffered no evidence to support its claim that persons protected by the FBI's withholding of information under exemption 7(D) were confidential sources. This circuit has not adopted the view proffered by defendant that promises of confidentiality are "inherently implicit" when the FBI solicits information. To do so would severely limit the breadth of agency disclosure available under FOIA. In limiting the government's power to withhold information in this case to that information which could reasonably be expected to disclose the identity of an undercover FBI agent or FBI informant, this court merely gave effect to the requirements set forth in *Cuccaro* and *Lame* and, in addition, determined that informational exchanges between the FBI and undercover FBI agents or FBI informants are subject to a presumption of confidentiality.

■ Defendant also argues that the court's opinion and order denied defendant the full protection of exemption 7(D) by not exempting from disclosure information from a confidential source that "would not reveal the identity of that [confidential] source." Defendant's brief, p. 3. Citing the D.C. Circuit's opinion in *Duffin v. Carlson*, 636 F.2d 709 (D.C.Cir.1980), the *Lame* court declared:

> Section 7(D) provides two protections. It protects from disclosure: (a) "the identity of a confidential source" and (b) for a criminal law investigation, "confidential information furnished only by a confidential source" ... Once it has been determined that a source is confidential, all information that source has provided is exempt from disclosure under the second part of the exemption. *Lame*, 654 F.2d at 923–24.

This court agrees with defendant. Assuming that defendant can establish that a source is confidential, then the defendant may withhold all information from such sources. In other words, defendant may withhold under exemption 7(D) all information from those whom the court has determined to be confidential sources.

### Exemption 7(C)

Defendant further argues that this court erred in its exemption 7(C) analysis. Exemption 7(C) allows the government to withhold:

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (C) could reasonably be expected to

constitute an unwarranted invasion of personal privacy.

In reliance on exemption 7(C), "the FBI withheld the names of [s]pecial [a]gents, FBI support employees, police officers and other third parties. The FBI also withheld the initials of FBI employees." Defendant's brief in support of Summary Judgment, at 15.

Under the traditional balancing scheme applicable to exemption 7(C), where an individual mentioned in the withheld information has an interest in privacy, the court must determine whether to release that information by "weighing the public benefit which would result from the disclosure against the privacy interest and the extent to which it is invaded." *Patterson by Patterson v. FBI*, 893 F.2d 595, 601 (3d Cir. 1990), *cert. denied, Patterson v. FBI*, —— U.S. ——, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990) (quoting *Cuccaro*, 770 F.2d at 359.). In *U.S. Dept. of Justice v. Reporter's Committee for Freedom of the Press*, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989), however, the Supreme Court declared that "for an appropriate class of law enforcement records or information a categorical balance may be taken." *Id.* at 777, 109 S.Ct. at 1484. "Categorical decisions may be appropriate and individual circumstances disregarded", stated the court, "when a case fits into a genus in which the balance characteristically tips in one direction" *Id.* at 776, 109 S.Ct. at 1483.

Declaring that rap sheet information qualified for categorical balancing under exemption 7(C), the Supreme Court in *Reporter's Committee* stated:

> If it is always true that the damage to a private citizen's privacy interest from a rap sheet's production outweighs the FOIA-based public value of such disclosure, then it is perfectly appropriate to conclude as a categorical matter that production of such [rap sheets] should reasonably be expected to constitute an unwarranted invasion of personal privacy. *Id.* at 779, 109 S.Ct. at 1484.

Applying the categorical balancing approach announced in *Reporter's Committee* to this case, this court determined that

the FBI properly withheld the names of FBI informants and FBI undercover agents. However, this court concluded that the other information withheld by defendant under exemption 7(C) was not the type of information envisioned by the Supreme Court when it promulgated its exception to the particularized balancing approach traditionally associated with exemption 7(C).

■ In its brief, the government urges that the identity of all persons (including FBI support personnel) giving and receiving information pursuant to the FBI's investigation should be exempt from disclosure under the categorical balancing approach adopted in *Reporter's Committee*. Under the government's interpretation of categorical balancing, however, the public might be able to learn of agency wrong-doing without being able to identify those committing it or with knowledge of it. Because this result would confound the purposes of FOIA, this court will not extend *Reporter's Committee* in the manner suggested by the government.

■ After concluding that the remaining information did not qualify for categorical balancing, the court then applied the traditional 7(C) balancing approach, weighing, as best it could given the limited information provided by the government, the FOIA-based public interest asserted in this case against the individual privacy interests and the invasion of individual privacy associated with disclosure.

Reaffirming the view it expressed in *Dept. of Air Force v. Rose*, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1975), the *Reporter's Committee* court declared that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny ... rather than on the particular purpose for which the document is being requested." *Reporter's Committee*, 489 U.S. at 772, 109 S.Ct. at 1481. As stated above, this court's delineation of the FOIA-based public interest asserted in this

case falls squarely within this definition. In challenging the court's delineation of the FOIA-based public interest, defendant mischaracterizes the court's analysis.

Framing the FOIA-based public interest in this case largely out of the factual findings of prosecutorial misconduct made in *Landano v. Rafferty*, 126 F.R.D. 627 (D.N.J.1989), this court stated:

> Where a person convicted of a serious crime can demonstrate, as petitioner has done here, that the prosecution possessed and concealed information which might lead to the petitioner's acquittal, such person and the public should be entitled to examine that information *and the reasons and policies surrounding its concealment. Landano v. Dept. of Justice,* 751 F.Supp. 502, 503 (emphasis added).

While not finding that the FBI had itself committed any wrongdoing, the court nonetheless recognized a FOIA-based public interest in this FOIA request on account of the investigative relationship between the ultimate prosecution of this matter and the FBI. This recognition of a FOIA-based public interest does not run afoul of *Patterson.*

In upholding the district court's granting of summary judgment against plaintiff under exemption 7(C), the *Patterson* court declared:

> In view of its finding that the FBI had not participated in any illegal conduct, the district court concluded that only a negligible benefit would inure to the public by releasing the names of FBI personnel. As a result of our independent examination of the documents, we find that the district court's conclusion is correct. *Patterson,* 893 F.2d at 601.

*Patterson* concerned the activity of one agency, the FBI, and documents the FBI held concerning its investigation of a child's request for information from various foreign countries. Even on those facts the court did not rule out the possibility that a FOIA-based public interest could be asserted. It only stated that, given no finding of illegal activity on the part of the FBI, any public benefit of disclosure would be "negligible" at best. Moreover, unlike the situation here, no specific finding of wrong-doing was made against any actor in *Patterson.*

The fact that the agency from whom the information has been sought is not guilty of any wrongdoing is not dispositive. Another agency may be the wrongdoer but the evidence may be found in the files of the "innocent" agency. For instance, the court offers the following hypothetical: The Environmental Protection Agency ("EPA") has investigated and recorded numerous instances in which large corporations have violated criminal environmental protection statutes by illegally polluting the environment. The EPA has passed this information on to the United States Attorney's Office in an effort to have these polluters prosecuted. Due to an illegal policy of not enforcing these environmental statutes against large corporations, the United States Attorney's Office refuses to prosecute the polluters. A newspaper reporter has reason to believe that the United States Attorney's Office is acting improperly by failing to prosecute the polluters. Under the government's interpretation of FOIA, that reporter would not be able to examine EPA files concerning the polluting corporations because the reporter cannot establish any wrong-doing on the part of the EPA.

That the larger coordinated activity in this case is tainted by wrong-doing must bear on whether plaintiff has asserted a legitimate FOIA-based public interest in favor of disclosure. This court does not believe that *Patterson* contemplated a policy that would bar public disclosure of information from one actor in a tainted coordinated activity because that actor had not itself been found to have committed any wrong-doing. Such a result would seem especially harsh where, as here, the information sought may shed further light on the government's role in the tainted coordinated activity, may potentially exculpate an individual who has been convicted of murder, and may reveal a policy of concealment which should concern us all.

In view of the FOIA-based public interest recognized by this court, the time which

has elapsed since the Snow and Forni investigations, the information already known about persons sought to be protected, and defendant's failure to enunciate one case-specific reason why any of the persons sought to be protected by the government have a compelling interest in nondisclosure, this court must adhere to its prior decision that the FOIA-based public interest in disclosure of the information outweighs the individual privacy interests in nondisclosure in this case.

*Defendant's Request for A Stay*

Defendant requests that this court stay its December 13, 1990 order pending appeal of this court's decision. In order to obtain a stay from this court, defendant must show a likelihood of success on the merits, irreparable injury absent a stay, that the public interest requires that a stay should be granted, and that plaintiff will suffer no injury thereby. *Washington Metropolitan Transit Commission v. Holiday Tours*, 559 F.2d 841 (D.C.Cir.1977). As defendant has not convinced this court that it meets this standard, and plaintiff would suffer injury if a stay were granted, this court denies defendant's application for a stay. In addition, on account of the time that has elapsed since its last order, this court extends the time for document production as specified in the order that follows.

CONCLUSION

For the foregoing reasons, this court grants defendant's motion and clarifies its prior decision and order.