William C. **BARTLETT**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION.**

Civ. A. No. 94–CV–0836.

United States District Court, E.D. Pennsylvania.

Nov. 10, 1994.

William C. Bartlett, pro se.

James G. Sheehan, John N. Joseph, U.S. Attorney's Office, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Before this Court is the United States' Motion to Dismiss or in the Alternative Motion for Summary Judgment. This litigation arises from *pro se* plaintiff William Bartlett's claims that the United States has improperly withheld records from him in violation of 5 U.S.C.A. § 552 (1977 & Supp.1994) (Freedom of Information Act or FOIA). Defendants' motion to dismiss alleges that this Court does not have subject matter jurisdiction over the litigation because no records that the Plaintiff has requested have been located and because Plaintiff's requests are outside the scope of FOIA.

In a motion asserting lack of subject matter jurisdiction, the party claiming jurisdiction bears the burden of showing that the requirements for jurisdiction have been met. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir.), *cert. denied*, ⸺ U.S. ⸺, 114 S.Ct. 440, 126 L.Ed.2d 373 (1993).

Bartlett made two separate requests to the FBI, neither of which resulted in a disclosure to him. Bartlett alleges that the rejections violate FOIA. FOIA was enacted to "open agency action to the light of public scrutiny." *Department of Justice v. Reporters Comm.*, 489 U.S. 749, 772, 109 S.Ct. 1468, 1481, 103 L.Ed.2d 774 (1989) (quoting *Department of Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976)). Federal courts only have jurisdiction over a FOIA

request when plaintiff shows that an agency improperly withheld agency records. *United States v. Tax Analysts*, 492 U.S. 136, 142, 109 S.Ct. 2841, 2846, 106 L.Ed.2d 112 (1989) (citing *Kissinger v. Reporters Comm.*, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980)).

■ An agency record is defined as material created or obtained by the agency, that is in the agency's control at the time the FOIA request is made. *Tax Analysts*, 492 U.S. at 144–45, 109 S.Ct. at 2848. There is no duty imposed on an agency to create records upon FOIA request. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 161–162, 95 S.Ct. 1504, 1521–22, 44 L.Ed.2d 29 (1975). An agency only withholds records when it has custody of the documents and does not release them. *Tax Analysts*, 492 U.S. at 149, 109 S.Ct. at 2850. An agency acts improperly when a record is withheld outside of one of the enumerated FOIA exceptions. *Id.*

Bartlett's first request to the FBI was for "access to, or copies of the following described records: Forensic Science Handwriting Examinationers, Test and Report of, Comparison of Signature. Of signer of this request against the signature on, Commonwealth of Penna. Exhibit # 46." (sic) [1] The FBI argues that under FOIA it is not obligated to create records and that Bartlett's request calls for it to create a handwriting analysis for him.

■ Bartlett's request is for a comparison of the signature on his request and the signature on another document. There is no previously existing document comparing those two signatures. A record is defined as material that is created or obtained by an agency that is in the agency's control *at the time the FOIA request is made*. *Tax Analysts*, 492 U.S. at 145, 109 S.Ct. at 2848. Bartlett's request seeks presently nonexistent material, therefore, the request does not seek a record within the meaning of FOIA.

Bartlett's second request is for "access to, or copies of the following described records: Copy of U.S. Citizens Registration card initially and with signature affix, & U.S. Draft Registration card same as above & Phila. Pa. Drivers License Card and Owners card; & Social Security Card Application, with the true signature of Mr. William C. Bartlett, affix." (sic) The FBI's affidavits aver that FBI personnel has searched its records twice and not found any of the requested materials.

■ In order for an agency to withhold records, it must have custody or control of the records. *Tax Analysts*, 492 U.S. at 148, 109 S.Ct. at 2849.. Here, the FBI does not have custody or control of the requested records, accordingly, it is not withholding them.

The cases and statutes that Bartlett cites are not helpful to his position. He first states that FOIA creates a presumption in favor of disclosure and cites *Landano v. United States*, 758 F.Supp. 1021 (D.N.J.1991) for the proposition that there is a public and private interest in revealing exculpatory information.[2] While this may be so, it still does not change the fact that the FBI has nothing to disclose.

Second, Bartlett apparently argues that the FBI has a duty to verify the accuracy of its records by confirming the signatures on them. For support he cites *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C.Cir.1992). This case held that § 552(a)(e)(5) requires agencies to maintain their records with such accuracy as is reasonably necessary to assure fairness to an individual. *Id.* at 312. *Sellers* does not help Bartlett either, though, because the FBI does not possess any records relevant to this case that need verification or proper maintenance.

■ Federal jurisdiction under FOIA is premised on a finding that an agency has improperly withheld records. Because we do not find that the FBI has improperly withheld records from Bartlett, we do not have

---

**1.** Pennsylvania Exhibit # 46 appears to be a typed confession that is signed with Bartlett's name on every page.

**2.** Bartlett's pleading actually reads "public and private interest in concealing exculpatory infor-

mation, resulting in wrongful conviction." Because Bartlett proceeds *pro se* we read his statement in a fair manner that will support his argument, as well as make sense.

jurisdiction over his claim. Accordingly, the United States' Motion to Dismiss for lack of subject matter jurisdiction is granted.