Mr. Bobby G. Lester, Superintendent Pulaski County Special School District 925 East Dixon Road, P.O. Box 8601 Little Rock, Arkansas 72216
Dear Mr. Lester:
This is in response to your request for an opinion, pursuant to A.C.A. §25-19-105(c)(3)(B) (Cum. Supp. 1993) (a provision of the Arkansas Freedom of Information Act ("FOIA" or "act")), as to whether your decision that certain information contained in the employment applications of current Pulaski County Special School District employees is exempt from disclosure under the act because its release would constitute a "clearly unwarranted invasion of personal privacy" is consistent with the FOIA.
Specifically, you have enclosed three separate employment application forms used by the District, including a "Professional Application," a "Substitute Teacher Application," and a "Support Staff Personnel Application," and ask whether the following information supplied by applicants on these forms is exempt from disclosure under the FOIA:
 1. Whether the applicant has any criminal convictions or pending criminal charges;
 2. Whether the applicant has ever been released or requested to resign from a place of employment;
 3. Lists of civic, fraternal, professional or social organizations of which the applicant is a member;
 4. Whether the applicant has a preference for a particular group regarding the assignment of the applicant to a school at a particular location or socioeconomic level?
5. The applicant's social security number.
You indicate that your decision is that the information supplied above on the employment applications is exempt from public disclosure under A.C.A. § 25-19-105(b)(10) (Cum. Supp. 1993) because its release would constitute a "clearly unwarranted invasion of personal privacy." For the reasons that follow, it is my opinion that your decision with regard to items 1 through 3 is inconsistent with the FOIA. The resolution of the question as regards item 4 above would require reference to the specific information supplied by the applicants. It is my opinion that your decision as regards the release of the social security number is correct.
As an initial matter, I should note that all records maintained in public offices or by public employees within the scope of their employment are presumed to be public records. See A.C.A. § 25-19-103(1). This office has previously concluded in numerous Attorney General opinions that employment applications are generally subject to disclosure under the act. See, e.g., Ops. Att'y Gen. 94-187, 94-178, 93-421, 93-403, 90-248, 88-133, 87-189, 87-154, 87-108, and 87-70. The employment applications of successful job applicants are deemed to be "personnel records" for purposes of the act.See Op. Att'y Gen. 94-187. As such, their release is subject to the exception found at A.C.A. § 25-19-105(b)(10), which excepts personnel records "to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy." There is only one Arkansas case (Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992)) which sets out the test to be employed in determining whether a "clearly unwarranted invasion of privacy" exists. In determining what information, if released, would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. It was stated in Young v. Rice, supra, that:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
The court in Young relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Other federal case law, like that relied upon in Young, delineates additional types of information the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense, 611 F.2d 738
(9th Cir. 1979); citizenship, United State Department of State v.Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v.Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v.Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co., v. F.B.I., 460 F.Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v. Department of Agriculture,498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
With this background in mind, I may now address the specific items of information about which you have inquired. The first item listed is information as to whether the applicant has any criminal convictions or any criminal charges pending against him or her. It is my opinion that the public has a very substantial interest in this information as regards school district employees. The public has a great interest in determining whether individuals having day-to-day contact with their children have such convictions or charges pending. The public also has a substantial interest in evaluating the judgment of its school officials in making hiring decisions with regard to such persons. The individual's privacy interest in this information is lessened, in my opinion, by the fact that this information would be, in most instances, already a matter of the public record. In most cases, information regarding criminal convictions and pending charges[1] is available at local courthouses.[2] It is therefore my opinion that the release of such information would not be a "clearly unwarranted invasion of privacy" under A.C.A. §25-19-105(b)(10).[3]
The second item at issue is information supplied by the applicant as to whether he or she has ever been released or requested to resign from a place of employment. It is my opinion that this type of work history information is generally[4] subject to disclosure under the act. It has been concluded in Attorney General opinions too numerous to cite, relying on federal case law for guidance, that information related to work history of public employees is subject to disclosure under the act, and does not give rise to a "clearly unwarranted invasion of personal privacy." See, e.g., Kruzon, supra, and Simpson, supra. The public has a substantial interest in knowing the qualifications and work history of employees whose salary it pays. The privacy interest attached to such information is ordinarily slight. See however, note 3, supra.
The third item at issue is the listing of civic, fraternal, professional or social organizations of which the applicant is a member. It is my opinion that the release of this information would not constitute a clearly unwarranted invasion of privacy. The public does have an interest in this information, although perhaps in most cases not a terribly significant interest. The privacy interest of the employee involved in my opinion, however, is minimal. This is especially true in light of the fact that the information was volunteered on an application for public employment. One would hardly expect an association of an embarrassing or harmful nature to be volunteered on such an application. See alsogenerally, Core v. United States Postal Service, 730 F.2d 946 (4th Cir. 1984) (holding that the release of information describing memberships in professional or civic organizations on employment applications of postal employees does not constitute a clearly unwarranted invasion of privacy under the federal FOIA).
The fourth item at issue concerns information supplied by applicants in response to a question on the "Professional Application" as follows: "Will you accept assignment to any school regardless of location or socio-economic level? Yes () No (). If `Yes' and you have a preference for a particular group, please so state." It is your decision that the responses as to a preference for a particular "group" should be shielded from public disclosure because their release would constitute a clearly unwarranted invasion of privacy.[5] In my opinion whether the release of responses to this question would constitute such an invasion will depend upon the content of the response. I cannot analyze the issue and attempt to apply a balancing test to information the content of which I have not been made privy. It is conceivable that some information supplied would be entirely innocuous from a personal privacy standpoint. For example, an applicant might express a preference for a particular school and state as a reason that the school is nearest their residence or where their own children currently attend school. This type of information would be subject to disclosure under the act. On the other hand, it is conceivable that some responses would subject the applicant to embarrassment, harassment, or loss of friends, thus implicating a substantial privacy interest. See Young v. Rice, supra. The public, in my opinion, does have an interest in this information, and that interest will have to be weighed on a case-by-case basis against the privacy interest attached to a particular response.
The fifth and final item at issue is the applicant's social security number. This office has previously concluded, in opinions too numerous to cite, that social security numbers should be excised from otherwise releasable personnel records under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The exemption for undisclosed investigations by law enforcement agencies of suspected criminal activity should be considered in this regard, although records merely indicating the fact of criminal charges would not appear to be "sufficiently investigative" in nature to qualify for the exemption. See Op. Att'y Gen. 90-292.
[2] Exceptions may apply where a conviction has been expunged, or where pending charges are for some reason protected by order or rule of court. In such instances, the privacy interest in the information would likely be greater. The application of the balancing test in such limited instances may depend, in part, upon the nature of the crime or charge at issue. For example, convictions or charges involving actions against children would give rise to a heightened public interest which might still outweigh any privacy interest.
[3] I am not unmindful of the decision in Dept. of Justice v. ReportersCommittee for Freedom of the Press, 489 U.S. 749 (1989), in which the U.S. Supreme Court held that FBI criminal "rap sheets" were exempted under the federal exemption for law enforcement records, the release of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." See also Buhovecky v. Department of Justice,700 F. Supp. 566 (D.D.C. Cir. 1988) (holding "rap sheet" information exempt under the federal exemption for personnel, medical, or similar files). The Court so held in spite of arguments that the information could be obtained piecemeal as public records at various courthouses and police stations. In my opinion this federal case is not helpful authority on the question at issue. The Court in Reporters Committee was concerned primarily with the detailed computerized nature of the information, and by the fact that its release would not shed light on the workings of government. In contrast, at issue herein is information supplied by the subject of the records in an attempt to obtain public employment. The release of the information most assuredly would shed light on the workings of government (e.g., on the decisions of school officials to hire an applicant with a criminal conviction or pending criminal charges).
[4] It is conceivable that certain information provided in this regard would give rise to a higher privacy interest, depending upon its content. As a general matter, however, the fact of resignation upon request, and reasons which led to such resignation, if related to work performance or other matters not highly personal or intimate in nature will be subject to disclosure under the act.
[5] It appears that your question refers only to the written elaboration provided by the applicant as to any preference and not to the check mark supplied in either the "yes" or "no" space on the form. It is my opinion that the information supplied by checking the appropriate space, without more, does not give rise to a clearly unwarranted invasion of privacy.